JOHN SMITH by Next Friend, Respondent, v. JACOB DOLD PACKING COMPANY, Appellant.

### Kansas City Court of Appeals, December 4, 1899.

**Negligence: DUTIES OF LAND OWNER: TRESPASSER: INVITATION: INFANT.** A lessee of private premises with only permission to pile ashes and cinders thereon is not liable to an infant who is burned while running over said ashes to reach boys fishing at a near by pond on the premises and is not guilty of negligence in not fencing the pond, even though it may tend to attract children. Parties entering such private premises without invitation are trespassers whether old or young, and the proprietor owes them no duty save not to negligently injure after discovering them. Cases considered and distinguished.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates*, Judge.

REVERSED AND REMANDED.

Smith v. Dold Packing Co.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1)   The court erred in refusing to sustain defendant's demurrer, and in refusing to give a peremptory instruction to find for the defendant.   Barney v. Railroad, 126 Mo. 372; Moran v. Car Co., 134 Mo. 642; Overholt v. Vieths, 93 Mo. 422; Butz v. Cavanaugh, 137 Mo. 511; Klix v. Nieman, 68 Wis. 271; Gillespie v. McGowan, 100 Pa. St. 144; Richards v. Connell, 63 N. W. Rep. 915; 45 Neb. 367; Mergenthaler v. Kirby, 28 Atl. Rep. 1065; 79 Md. 182; Benson v. Traction Co., 26 Atl. Rep. 973; 77 Md. 535; Oil Co. v. Martin, 70 Texas 400; O'Connor v. Illinois Central, 10 S. Rep. 678; 44 La. Ann. 399; Frost v. Railroad, 9 Atl. Rep. 790; 64 N. H. 220; Sterger v. Vansiclen, 30 N. E. Rep. 987; 132 N. Y. 499; Ratte v. Dawson, 52 N. W. Rep. 965; 50 Minn. 450; McGinnis v. Butler, 34 N. E. Rep. 259; 159 Mass. 233; Clark v. City of Richmond, 5 S. E. Rep. 369; 83 Va. 355; Clark v. Manchester, 62 N. H. 577; Charlebois v. Railroad, 91 Mich. 59; Omaha v. Bowman, 72 N. W. Rep. 316; Murphy v. Brooklyn, 23 N. E. Rep. 887; 118 N. Y. 575; Grindley v. McKechnie, 40 N. E. Rep. 764; 163 Mass. 494; Peters v. Bowman, 47 Pac. Rep. 113; 115 Cal. 348; Sendal v. Boyd, 75 N. W. Rep. 735; Dobbins v. Railroad, 38 L. R. A. 573; Greene v. Linton, 27 N. Y. Supp. 891; Cusick v. Adams, 21 N. E. Rep. 673; 115 N. Y. 55.

*R. D. Brown* and *Ward & Hadley* for respondent.

(1)   Under the facts that the jury must be assumed to have found to be true, the plaintiff was entitled to recover. Schmidt v. Distilling Co., 90 Mo. 284; Fink v. Furnace Co., 10 Mo. App. 61; Crafton v. Railway, 55 Mo. 580; Schooling v. Railway, 75 Mo. 518; Nagel v. Railway, 75 Mo. 653; Butz v. Cavanaugh, 137 Mo. 503; Voegeli v. Marble & Granite Co., 49 Mo. App. 653; Leeright

v. Ahrens, 60 Mo. App. 118; Pekin v. McMahon, 154 Ill. 141; Stendel v. Boyd, 67 Minn. 278; Omaha v. Richards, 68 N. W. Rep. 628; Bronson v. Labrot, 81 Ky. 638; Burge v. Gardener, 19 Conn. 507; Railroad v. Stout, 17 Wall. 657; Railway v. Fitzsimmons, 22 Kan. 686; Townsend v. Mather, 9 East. 277; Lynch v. Murden, 1 Queen's Bench 29; Powers v. Harlowe, 153 Mich. 507; Wesinfield v. Levis, 45 La. 63; Wharton on Neg., secs. 112 and 824; Bruce v. Water Co., 3 Am. Neg. Rep. 392; Briggs v. Wire Co., 5 Am. Neg. Rep. 335; Railroad v. McDonald, 152 U. S. 262; Thompson on Neg., p. 305.

GILL, J.—As will be seen by the accompanying plat, the packing houses of the Dold Packing Company at Kansas City are located in what is known as the "West Bottoms" and at the northeast corner of Ninth and Wyoming streets. At the north end of its property the packing company has its engine house where several boilers and furnaces are had to furnish the power for the machinery. Immediately north of this lies a large tract of lowland, unoccupied except by several railroad tracks, and running to the Missouri river. This lowland is in times of high water overflowed, and when the tide recedes there is ordinarily left some small pools or ponds. At the time in question (August 10, 1896) this ground was open and uncovered by water, except that a pond of water was left as indicated on the plat, some one hundred and fifty to two hundred feet north of the defendant's engine house and a like distance north of the northern end of Wyoming street. This land, too, is unplatted, having no streets, alleys or highways through it, and at the time of the accident, hereinafter mentioned, was owned by the Suburban Belt Company. Under consent of this owner the Dold Packing Company had been in the habit of dumping on this vacant ground the ashes and cinders taken from its engine house, and they were deposited in a large heap near the pond. From plain-

tiff's evidence it would seem that these cinders and ashes continued to burn and smolder in this heap.

It seems that the boys of the neighborhood were in the habit of resorting to the pond, in question, to fish and swim. On August 10, 1896, this plaintiff (a boy about four years old) was standing near the pond watching other boys fishing. One of these caught a fish, and offered it to the boy that should first get to him.   Thereupon this plaintiff, in the effort to get the fish, attempted to run across the ash heap, and in doing so his feet broke through the outer crust and went into the hot ashes or smoldering fire from which he received the personal injuries compláined of in this suit.   In an action for damages plaintiff recovered and defendant appealed.

After a patient consideration of the record in this case and the numerous authorities bearing thereon, we feel bound to reverse the judgment and to hold that under the conceded facts plaintiff can not recover.   The action is grounded on the alleged negligence of the defendant in creating and maintaining the unprotected and unguarded pile of hot ashes and cinders near the pond of water which was attractive to, and frequently visited by the boys of that vicinity.   The question then is, whether or not the facts disclosed by the record (and which we have substantially set out in the foregoing statement) show that defendant failed to perform a duty which at the time it owed to the plaintiff.   We think they do not. Unquestionably now the plaintiff was a trespasser at the place where he was injured.   He had no right there, and the defendant nor the owner of the property owed him no further duty than not to wantonly injure him after discovering his presence.   It is an old and well settled principle of law that one is under no obligation to keep his premises in a safe condition for the visits of trespassers.   When such persons enter unbidden and unsolicited on the lands or premises of another, they do so at their peril; the owner is not bound to look after the safety of such intruders and to protect them

Smith v. Dold Packing Co.

from dangers. If, however, there be an invitation, express or implied, from the owner or proprietor to the other party to enter on the premises, then such party is not a trespasser and the owner or proprietor is bound to exercise ordinary diligence to protect the visitor. But there is no implied invitation when one's entrance upon dangerous premises is simply unopposed by the owner. Cooley on Torts, 606 (side page). And this is the rule, too, whether the intruder be an infant or an adult.

The only exception found in the authorities seems to come from what are known as the "turn-table cases," where it has been held to be actionable negligence for a railroad company to leave such machinery unfastened and exposed to the curiosity of playing children. Nagel v. Railway, 75 Mo. 653, and others that might be cited. The correctness of these decisions has been often denied by some of the best courts of the country. Daniels v. Railroad, 154 Mass. 349, and numerous authorities there cited; and even indirectly questioned by a late decision in this state. Barney v. Railway, 126 Mo. loc. cit. 387. At all events, I think it may be safely said that the courts of this and other states are inclined to confine the doctrine of the "turn-table cases" to the narrowest limit. It seems that if the "turn-table cases" can be justified at all, it must be because the machine is an attractive danger—one calculated in its make-up to excite the curiosity of children and to decoy them into its use, and that he who erects and maintains it, knowing it to be an attractive and dangerous machine, should exercise reasonable care to protect children likely to meddle with it. Here, however, appears the weakness of counsels' contention that these "turn-table cases" support plaintiff's claim, for it is conceded that the defendant packing company did not create or maintain any attractive danger. It is not pretended that this plaintiff and other children were drawn to the locality by reason of any attractiveness in the ash pile, or that the defendant had anything to do with creat-

ing or maintaining the pond of water. Defendant had no right to fence in or inclose the pond or the ash-heap—it had only the right to dump its ashes and cinders at that point.

In Overholt v. Vieths, 95 Mo. 422, the mother sued for damages by reason of her infant child being drowned in an unfenced and unprotected pond on the defendant's lot. The court held that no case was made, quoting with approval from Shearman & Redfield on Negligence that "the occupant of land is under no obligations to strangers to place guards around excavations made by him, unless such excavations are so near a public way as to be dangerous, under ordinary circumstances, to persons passing upon the way and using ordinary care to keep upon the proper path; in which case he must take reasonable precautions to prevent injuries happening therefrom to such persons." The opinion, while perhaps recognizing the exception to the above rule, as made in cases of exposed and dangerous machinery attractive to children, denies the liability of a lot owner under the facts disclosed in that case. If in the case in hand the plaintiff had fallen into the unprotected pond and been thereby injured, then it would be on "all fours" with the Overholt case just cited.

In the opinion above noticed the case of Gillespie v. McGowan, 100 Pa. St. 144, was cited with approval. In that case the defendant owned a vacant and unfenced lot in the suburbs of Philadelphia on which there was an uncovered and unprotected well. The lot was a common place of resort and play for children of the neighborhood. Plaintiff's boy, less than eight years of age, fell into the well and was drowned. In a suit by the father, it was held that the boy was a trespasser and defendant not liable on any charge of negligence. It was there said, quoting from an English case, that while "a man must use his property so as not to incommode his neighbor, yet the maxim extends only to neighbors who do not interfere with it or enter upon it. He who suffers his cattle to go at large takes upon himself the risk incident to it. If it

were not so a proprietor could not sink a well or a saw pit, dig a ditch or a mill race, or open a stone quarry or a mine hole on his own land except at the risk of being made liable for consequential damage from it, which would be a most unreasonable restriction of his enjoyment." The Overholt case was cited and approved in Witte v. Stifel, 126 Mo. 295; in Barney v. Railway, 126 Mo. 372, and in Moran v. Pullman Palace Car Co., 134 Mo. 641.

In the case last cited the plaintiff's infant son was drowned while bathing in a pond made by quarrying rock on a square of vacant ground belonging to defendant. This pond, too, was unprotected and was habitually resorted to by children. It was decided that the defendant was not liable. In the Barney case it was said that "a landowner is under no duty to a mere trespasser to keep his premises safe; and the fact that the trespasser is an infant does not raise a duty where none otherwise exists."

Richards v. Connell, 45 Neb. 467, is a case similar to Moran v. Car Co., *supra*, and it has met, too, with the approval of our supreme court. The syllabus, which is a correct reflection of the decision, reads: "The owner of a vacant lot upon which is situated a pond of water or dangerous excavation is not required to fence it or otherwise insure the safety of strangers, old or young, who may resort to said premises not by invitation, express or implied, but for the purpose of amusement or from motives of curiosity." In that case the boy fell into the pond from a section of a sidewalk, which he was using for a raft, and was drowned. Held the defendant was not liable. It was there said that the boy "was not upon the land of the defendants, where he was drowned, by express or implied invitation for any purpose. The fact that the ground was uninclosed, and that the deceased and people at their pleasure went there without objection, was not an invitation; and from that fact alone no license can be inferred. The fact that the person who suffered injury and death was

an infant child does not change the question nor create a liability against the defendants where none would have existed in case of an injury to an adult person under similar circumstances."

Hargraves v. Deacon, 25 Mich. 1, is a very well considered and instructive case. There the plaintiff's son, a child of tender years, fell into an uncovered cistern on the premises of the defendant and was drowned. Recovery was denied—the court announcing the doctrine that "owners of private property are not responsible for injuries caused by leaving a dangerous place unguarded, where the person injured was not on the premises by permission, or on business, or other lawful occasion, and had no right to be there." In that opinion the learned judge (Campbell) clearly shows that the owner of the property occupies the same attitude towards a trespassing infant as towards an adult, and under no further obligations. After satisfactory reasoning the court there concludes that no such negligence of the owner or proprietor committed on his own premises "can be made the ground of damages, unless the party injured has been induced to come by personal invitation or by employment which brings him there, or by resorting there as to a place of business or of general resort held out as open to customers or others whose lawful occasions may lead them to visit there." "We have found," says the court, "no support for any rule which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with business or other relations with the occupant * * * A person incurs no duties towards persons by not warning or driving them from his premises and they go there, if mere volunteers and without invitation, at their own risk."

The case of Klix v. Nieman, 68 Wis. 271, is also in point and had been more than once cited with approval by our supreme court. So, too, in the case of O'Connor v. Railroad,

Vol. 82 app—2

44 La. Ann. 339, the supreme court of Louisiana learnedly discusses the same matters and arrives at the conclusion reached in the foregoing decisions.

In this discussion we have confined ourselves to the decisions of our state supreme court and such other authorities as have from time to time met its approval. And in the light of these it seems to us that the plaintiff has wholly failed to establish a right of recovery. The defendant was at the time only exercising the right to deposit its cinders and ashes on private property—at a place where the plaintiff had no right to be, where he was an intruder, and to whom the defendant owed no duty, except not to intentionally or wantonly injure the plaintiff. And as to the pond, the alleged attraction, the defendant was in no way responsible, since it neither created nor maintained it. But if it had done so, still, under the cases above cited, said pond is not to be treated as an attractive danger within the meaning of the "turn-table cases." Neither can defendant be held for setting a trap to catch boys or other intruders for there is no pretense that there was any such intention when the ashes and cinders were dumped on said private grounds. The doctrine which holds one responsible for spring guns, dead falls, man-traps and the like has no application to the facts of this case. Klix v. Nieman, *supra.*

We are fully aware that there are some decided cases which appear to sustain plaintiff's claim. The case of Railway Co. v. McDonald, 152 U. S. 262, is not so clearly in point as at first reading might appear. In some respects it is similar to the case at bar. The boy there was injured by getting into a smoldering and unguarded pile of slack at the entrance to a coal mine, and he was allowed to recover. But in that case it seems that by an act of the Colorado legislature the defendant was required to fence in the slack thrown from the mine. Hence it was decided that the company was guilty of negligence, in view of the statutory obligation to fence. Much, however, of the opinion, we are free to say, tends to

support the plaintiff's claim here.   In view, however, of the decisions of our own supreme court, some of which we have already noticed, as well as other authorities cited in the briefs, we feel constrained to hold that on the conceded facts the defendant can not be charged with the damages resulting to the boy plaintiff.

The judgment then will be reversed.   All concur.