THOMAS M. HALL, by WILLIAM A. HALL, Next Friend, Appellant, v. MISSOURI & KANSAS TELEPHONE COMPANY, Respondent.

**Kansas City Court of Appeals, January 10, 1910.**

NEGLIGENCE: "Turntable Doctrine." Defendant was engaged in stretching a cable over its telephone poles and for this purpose a rope was run down one of the poles and through a pulley near the ground; a horse was attached to this rope and driven away; plaintiff, a child of five years, took hold of the rope while it was being drawn through the pulley by the horse and his hand thereby was drawn into the pulley and injured; the injury occurred in a vacant lot where children were accustomed to play and the presence of plaintiff and some companions was known to defendant. *Held*, that, even assuming that the defendant owed the plaintiff the duty to exercise ordinary care, the mishap was not such that defendant could have anticipated it, and the plaintiff's petition stating the facts was demurrable.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Harvey E. Hartz, Wm. A. Medill* and *M. D. Pypes* for appellant.

(1) The court erred in sustaining defendant's objection to the introduction of any evidence on the ground that plaintiff's petition did not state a cause of action. Plaintiff's petition states a cause of action. The contrivance of a horse, rope and pulleys, as described in plaintiff's petition is an attractive thing to

children, "and so likely to excite the curiosity of children and induce them to meddle that a man of ordinary prudence would have anticipated and guarded against the risk." Kelley v. Parker-Washington Co., 107 Mo. App. 494, 81 S. W. 631; O'Hara v. Gaslight Co., 131 Mo. App. 428, 110 S. W. 642; Hillerbrand v. Mercantile Co., — Mo. App. —; 121 S. W. 326; Nagel v. Railway, 75 Mo. 653; Houck v. Railway, 116 Mo. App. 559. (2)  The defendant company under the facts and circumstances stated in the petition failed to use reasonable precaution to prevent injury to plaintiff.    Boland v. Railroad, 36 Mo. 484; Nagel v. Railroad, 75 Mo. 653; Schmidt v. Distilling Co., 90 Mo. 284; Kelley v. Parker-Washington Co., 107 Mo. App. 494; O'Hara v. Gaslight Co., 131 Mo. App. 428; Hillerbrand v. Mercantile Co., 141 Mo. App. 122; 121 S. W. 326; Westerfield v. Lewis, 43 La. Ann. 63, 9 So. 52.

*Battle McCardle* and *Gleed, Hunt, Palmer & Gleed* for respondent.

(1)  Whether defendant be held under this petition to be the owner of the premises or merely a tenant or licensee, makes no difference in its liability to trespassers, and its liability to trespassers is the same whether the trespasser be five years old or twenty-five years old.    Barney v. Railroad, 126 Mo. 372; Smith v. Dold Packing Co., 82 Mo. App. 9.    (2) We submit that the facts pleaded do not make the plaintiff a licensee, or change the rule governing the liability of defendant toward him.    Barney v. Railroad, 126 Mo. 389; Straub v. Sodorer, 53 Mo. 43; Moore v. Railroad, 84 Mo. 488.    (3)  It has frequently been held in this State that the doctrine of the "turntable" cases must be kept within its narrowest limits, and must not be extended in any way.    Marcheck v. Klute, 133 Mo. App. 280.

BROADDUS, P. J.—This is a suit for damages for injuries received by plaintiff as the alleged result of defendant's negligence.

The plaintiff at the time he received his injuries was an infant five years of age. The petition sets out that the defendant was operating and maintaining a telephone line in Kansas City, running north and south between Twenty-third and Twenty-fourth streets and parallel with Mersington avenue and about midway between the latter avenue and Cleveland avenue; that on the 29th day of June, 1907, the defendant was engaged in stretching a cable wire and lead conduit containing wires across poles along its telephone line, for which purpose they used pulleys and a rope strung along the top of its poles, which rope ran down by means of said pulleys along the side of said poles to the ground; that one of the said pulleys was fastened to the pole close to the ground; that the end of the rope passed through this pulley to which a horse was hitched; that this pole was standing on vacant unenclosed ground; that the public have been accustomed to pass over this ground, and that children of the neighborhood were accustomed to play there especially near and around said pole, all of which was well known to defendant company, or by the exercise of reasonable diligence could have been so known to defendant; that on the day aforesaid, plaintiff together with his two brothers and another companion, all minors and of tender years, who were playing in the vicinity of said poles, were attracted to them by reason of the horse, rope and pulleys; that the defendant through its agents while engaged in stretching said cable and conduit well knew that plaintiff and his companions were standing around and in close proximity to said pole, pulleys and rope; that defendant's agents negligently and carelessly, and without any signal or warning to plaintiff or to his companions as to the danger and consequences of coming in contact

with said rope and pulley, started the horse which was standing a few feet from the pole, pulling the rope; that plaintiff stood watching the rope coming down the pole and passing through the pulley near the ground when after the horse had gone about one hundred and twenty-five yards, plaintiff without any negligence on his part took hold of the moving rope with his left hand above the pulley, first permitting it to pass through his hand, when suddenly his hand closed on the rope and was drawn into the pulley and permanently injured.

When the cause came on for trial defendant objected to the introduction of any evidence on the part of plaintiff, for the reason that the petition did not state a cause of action. The court sustained the objection and instructed the jury to return a verdict for the defendant, whereupon plaintiff took a nonsuit with leave to move to set it aside and the jury was discharged. Judgment was entered in favor of defendant which the court refused to set aside and plaintiff appealed.

The argument of plaintiff is that: "It is a well recognized and well settled principle of law that persons who leave unguarded dangerous machines or appliances, which are attractive to children where children are wont to play, are held guilty of such negligence as will create a liability for any injury inflicted on such children as are attracted into playing with such machinery, or appliances." And it is claimed that the case falls within the rule applied to turntables and other similar cases.

In Kelley v. Parker Washington Co., 107 Mo. App. 490, this court enunciated the rule that: "It is negligence for the owner to leave dangerous machinery on his premises in a condition likely to cause injury; and a contractor for grading a street who leaves a scraper in the street liable to inflict injury on children attracted thereby, is guilty of negligence." "The act of

a gas company in causing gas pipes to be piled on sloping ground in a street without blocking them so as to prevent them rolling, was negligence so as to render it liable for injuries to a child caused by the rolling of the pipes, although the pipes were put in motion by other children playing upon them, where the evidence showed children were in habit of playing on that street and the pipe was so piled as to be easily put in motion." [O'Hara v. Gas Light Co., 131 Mo. App. 428.]

Where although, the contrivance was not dangerous to persons of full understanding yet where its construction and movement was likely to excite a small child's curiosity and allure him to thrust his hand into a dangerous place, it was a question whether defendant should have anticipated such an incident, was one for the jury. [Hillerbrand v. May Mercantile Co., 141 Mo. App. 122.]

It is negligence on the part of a railroad company to omit to secure its turntables so that children cannot revolve them. [Nagle v. Railroad, 75 Mo. l. c. 659.]

In Kelley v. Parker Washington, and O'Hara v. Co., supra, the dangerous instrumentalities were left unguarded and improperly secured in public streets where children had the right and were likely to go, and in that respect different from this case. In Hillerbrand v. May Mercantile Co., the child was injured in a store where he had accompanied his mother who was there on business. The court therefore considered that he was there by invitation. These two cases are clearly distinguished from the turntable and kindred cases.

It may be inferred from the allegation of the petition that defendant was a licensee on the vacant lot at the time it was engaged in constructing its telephone line and that plaintiff and his companions were mere trespassers. In such cases the owner owes no duty to

the trespasser except not to injure him wantonly. [Witte v. Stifel, 126 Mo. 295.] "Parties entering such private premises without invitation are trespassers whether young or old, and the proprietor owes them no duty save not to injure negligently after discovering them." [Smith v. Dold Packing Co., 82 Mo. App. 9.] In these two cases it is also held that the doctrine in the turntable cases is not to be extended, and its correctness is moreover questioned.

This case is distinguished from the turntable and kindred cases in the most important particulars. In the first place as has been said it was not a dangerous contrivance left unguarded, calculated to attract the curiosity of children. The cause of action is not predicated upon the theory that it was such, but that the injury was the result of defendant's negligence in not warning plaintiff that it was going to be put in operation. Such is the sum and substance of the alleged negligence. Such being the case did defendant owe plaintiff any further duty, he being uninvited and a trespasser, than not to injure him wantonly as said in Witte v. Stifel, supra; or not to injure him negligently, in the words used in Smith v. Dold Packing Co., supra? It is not contended that defendant acted wantonly but negligently.

Answering for the sake of the argument, only, that defendant is to be held to the exercise of ordinary care we do not see that plaintiff has made out a case. The work being carried on in the usual and ordinary manner and with care, the plaintiff is forced to rely solely upon the ground that notwithstanding such was the case it became the duty of defendant to anticipate that some child might possibly catch hold of the rope so as to draw his hand against the pulley through which it was passing and thereby get injured. Had we not had this example before us we could scarcely imagine how any one could have been injured in that manner. And at most it may be characterized as a mishap. It

could not have been reasonably anticipated or antici-
pated as to that matter at all. In order to constitute
negligence of any kind there must have been something
in the action of the plaintiff indicating that he was
going to put himself in peril in some way or another,
and the defendant failed to save him from danger,
which it could have done by the exercise of ordinary
diligence. Plaintiff's argument in effect is that plain-
tiff was in a position of peril while the work was go-
ing on and that defendant ought to have notified him
of danger. But he was not so in peril, because the
operation was not dangerous to bystanders and to have
anticipated that one would or could even though a
child, get injured would require not only the exercise
of the highest degree of care, but a challenge to pres-
cience itself. The court was clearly right and the cause
is affirmed. All concur.