JESSE J. BROWN ET AL., RESPONDENTS, v. CITY OF MARSHALL, APPEL-
LANT.—71 S. W. (2d) 856.

Kansas City Court of Appeals.    April 30, 1934.

*Clay C. Rogers, Lionel Davis, Mosman, Rogers & Buzard* and *Louis N. Wolf* for respondent.

*James & James, R. M. Bagby* and *H. H. Harris, Jr.,* for appellant.

CAMPBELL, C.—LeRoy James Brown, ten years old, was killed by a fall of frozen earth, a part of the overhanging ledge in the north bank of a sand pit located in the defendant city. His parents, plaintiffs herein, brought this suit to recover damages for his death, obtained a judgment in the sum of $5000, from which the defendant has appealed.

The north bank of the sand pit was about twelve feet high and its overhang two to four feet. On the day of the fatal accident, January 25, 1931, plaintiffs' said son and fourteen other children were playing in the pit. One of them testified: "We were playing like we had treasuries—we were digging down in the floor of the sand pit and putting cans down in there and covering them up;" that plaintiffs' infant son "was down on the floor and the bank caved in and fell on" him; that the part which fell was the top or ledge of the bank. Continuously for many years before plaintiffs' son was killed the sand pit was a playground for many children. Girl scouts, public school teachers, school children and many others assembled in the pit for recreation. There was no evidence that the sand pit was not a safe playground for children until Walter Cahill and men working under his direction, within the week prior to the accident, removed sand from the bank and thus caused the overhanging ledge.

At the close of plaintiffs' evidence the defendant requested the court to instruct the jury to return verdict in its favor. The request was refused. The defendant insists that the court erred in refusing the instruction for the reason that plaintiffs failed to prove the connection of the defendant with the alleged acts of negligence.

Of course, the plaintiffs were not entitled to recover unless the evidence tends to show that the defendant created the dangerous condition.

Clarence Hincher, an employee of the defendant, "somewhere about twenty years," testified that he worked for the defendant in January, 1931, hauled sand from the pit and piled it on public streets in the defendant city; that he worked under the direction of Walter Cahill, the defendant's street commissioner, and that Walter Cahill

was street commissioner of defendant at the time of the trial. The evidence further shows that a part of the sand was used in repairing streets of the city; that during  +'     preceding January 25 prisoners "working out" fines woi     . the pit, removed sand from its north bank under the direction o. .efendant's street commissioner.

The plaintiff contends that Walter Cahill, in causing prisoners to work, was performing his duty under the provisions of Section 6771, Revised Statutes 1929, and that the prisoners were working for the city. Said section provides that it is the duty of a street commissioner to cause prisoners "to work out the full number of days for which they have been sentenced at breaking rock . . . or other public work . . . of the city as may be designated. . . ."

The defendant argues that the street commissioner, in the absence of an ordinance, could not designate the place of work nor cause prisoners to work. The statute is self-executing, mandatorily requires a marshal, street commissioner or other public officer to cause prisoners to work on public work "as may be designated." Clearly the section provides that the officer charged with the duty of causing prisoners to work is the one having authority to designate the place of work. But were we to adopt the defendant's construction of the statute the result would not be affected thereby for the reason that the evidence was that the dangerous condition was caused by prisoners and *regular employees* of the city working under the direction of the defendant's street commissioner.

The defendant argues that it was "not sufficient to show that some employee of the city merely created a dangerous condition. It must be shown that it was done under some authority created by the proper authority of the city." The city was authorized by its charter to purchase the sand, remove it from the pit and use it in repairing its streets. Hence, the argument that it must be shown that the work was done under some authority created by the proper authority of the city "fails to distinguish between the doing of an act in its nature unlawful, or prohibited, and the doing of an act in its nature authorized, at an unauthorized place, or in an unlawful manner." [City of Boonville v. Stevens, 238 Mo. 339; Roy v. Kansas City, 204 Mo. App. 332; Connelly v. City of Sedalia, 2 S. W. (2d) 632; Foncannon v. City of Kirksville, 88 Mo. App. 279.]

Were the acts of which plaintiffs complain not within the scope of the defendant's corporate powers, the case would come within the rule enunciated in the case of Kennedy v. City of Sedalia, 281 S. W. 56.

The determination of this case is governed by the principle announced in the case of Davoren v. Kansas City, 308 Mo. 513, 273 S. W. 401, in which case the evidence was that the defendant constructed an embankment across a creek which caused a deep pond to form upon

private property. The plaintiffs' infant son was drowned while playing upon the ice of the pond. In holding the city liable for the death of the child the court said: "The legal obligation rests upon all who create or allow such dangerous conditions to use reasonable precautions to see that no unnecessary injury shall flow therefrom to others, and, if that duty is violated and injury results, the guilty party will be held liable in damages."

It may be there is lack of judicial harmony in the Davoren case and the cases upon which the defendant relies, but the Davoren case was decided by court in banc and is controlling.

The fact that plaintiffs did not show that the sand pit was the property of defendant was immaterial for the reason that one who creates a nuisance, whether on his own property or not, is liable for the damage caused thereby. [46 C. J. 741.]

The defendant further contends that plaintiffs' case was based upon the "turntable" doctrine. We do not think so. Plaintiffs' petition was legally the same as the petition in the Davoren case. The court correctly ruled the request to direct verdict. [Dutton v. City of Independence, 50 S. W. (2d) 161; certiorari denied Aug. 18. 1932.]

The defendant complains of the action of the court in permitting a witness to testify that he called the attention of Cahill to the danger inhering in the bank of the pit. The evidence was admitted for the express purpose of showing notice to the city. This was proper. [Donahew v. City of Kansas City, 136 Mo. 657, 670.]

Moreover, it must be borne in mind that the overhanging ledge, though obviously dangerous to one of mature years, was a hidden danger to a child ten years of age. Reversible error does not appear in the record. The judgment is affirmed. *Reynolds, C.,* not sitting.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.