CLARENCE LENTZ and AMANDA LENTZ, Appellants, v. SCHUERMAN BUILDING AND REALTY Co., a Corporation, Respondent, No. 41078 —220 S. W. (2d) 58.

Court en Banc, May 9, 1949.

104

*Boedeker and Weil* and *Wayne C. Smith, Jr.,* for appellants.

*John S. Marsalek* and *Moser, Marsalek, Carpenter, Cleary & Carter* for respondent.

106

HYDE, J.—This is an action for $15,000.00· damages for wrongful death of plaintiffs' three ·year old son, with a second count for $5000.00 for hospital and medical expense. On motion of defendant, plaintiffs' petition was dismissed with prejudice and plaintiffs have appealed. We think the ruling of the trial court was correct.

Plaintiffs' petition alleged the facts hereinafter stated. Defendant was the owner of property in a thickly populated area in the City of St. Louis, covering most of a block on which defendant was building residences. There were completed residences on the west side of this block, in one of which plaintiffs lived. Defendant's employees were in the habit of building fires on unfenced portions of the lots in the rear of residences being built by defendant on the south side of the block, east of and adjacent to the rear of plaintiffs' residence. There was no fence or obstruction between these partly constructed residences and the occupied residences. It was also alleged that defendant knew or should have known that small children of tender years and immature judgment were playing in, on and around the lots and property where defendant was erecting homes; that defendant knew or should have known that small children of tender years would be attracted to said premises for the purpose of gathering small pieces of lumber and other refuse for use in their play; that defendant permitted small children of tender years to so play and take materials from the rear of said buildings; that on or about the 4th day of December, 1946, defendant's employees caused a fire to be built on the rear of premises located at 6741 Dale Avenue, at a place where defendant knew, or could have known, that small children were accustomed to play; that defendant negligently permitted said fire to burn and smolder, unattended and unguarded, in an extremely dangerous condition, at a place where defendant knew, or should have known, that small children were likely to contact said smoldering fire

and injure themselves; and that defendant's employees negligently failed to put out said fire before they left said premises on the 4th day of December, 1946. It was further alleged that as a direct and proximate result of such negligence, on that date, plaintiffs' son was caused to come in contact with said smoldering fire and hot ashes and was severely burned, causing his death.

Plaintiffs rely mainly on Davoren v. Kansas City, 308 Mo. 513, 273 S. W. 401. In that case, the City had made a fill across a ravine in improving a street. This created a large deep pond entirely on private property; and the City was warned "to have the pond drained on account of the danger to children and on account of the foul smell." Plaintiffs'. sons were drowned in the pond by breaking through ice and recovery was allowed. However, allowance of recovery therein can only be explained on the ground of maintaining a dangerous nuisance. That was the theory of plaintiffs' counsel therein. [See summary of their brief, 308 Mo., l. c. ▆▆▆ 516.] That is the explanation of this case made in two subsequent decisions of this Court. [See Volz v. City of St. Louis, 326 Mo. 362, l. c. 367, 32 S. W. (2d) 72, l. c. 74; Bagby v. Kansas City, 338 Mo. 771, l. c. 780, 92 S. W. (2d) 142, l. c.147.]

Plaintiffs quote the following statement in the Davoren case: "The legal obligation rests upon all who create or allow such dangerous conditions to use reasonable precautions to see that no unnecessary injury shall flow therefrom to others, and, if that duty is violated and injury results, the guilty party will be held liable in damages." This statement is also quoted in Brown v. City of Marshall, 228 Mo. App. 586, 71 S. W. (2d) 856, also relied on by plaintiffs, which was decided on the authority of the Davoran case. However, this statement, and other broad statements in the Davoren case, must be considered in connection with the law of dangerous nuisances upon the basis of which liability was imposed therein.

The fire in this case cannot come within the classification .of nuisance. The fire was a very temporary condition; and the failure to put it out, or to guard it until it went out, could only be casual negligence under any circumstances. We discussed the distinction between nuisance and negligence in Pearson v. Kansas City, 331 Mo. 885, 55 S. W. (2d) 485; and pointed out that they are different kinds of torts, "not only in legal classification but in their essential features." We said: " 'Negligence' is the failure to exercise the degree of care required by the circumstances",· but that "a 'nuisance' does not rest on the degree of care used, but on the degree of danger existing with the best of care." We further ruled that, while it is possible for the same act or omission to constitute negligence and also create a nuisance, "there must, however, be a danger (likely to result in damage) inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care in its use, before the question

of a nuisance can properly be submitted to a jury.'' Thus it is clear that the Davoren case is no authority for recovery in this case, in which the fire was upon defendant's own property and plaintiffs' son was not an invitee thereon.

Plaintiff does not claim that the attractive nuisance doctrine could be applicable to this case; and, of course, it could not be for reasons similar to those above discussed. Our decisions ''limit the doctrine to instrumentalities and conditions which are inherently dangerous instead of applying it to conditions in which danger has been created by mere casual negligence under particular circumstances.'' [Hull v. Gillioz, 344 Mo. 1227, 130 S. W. (2d) 623.] This fire was wholly on defendant's own property and to reach it plaintiffs' son came there under circumstances which could make him no more than a licensee, if not a technical trespasser; and defendant, therefore, owed him no duty to guard him from the fire. [See Ford v. Rock Hill Quarries Co., 341 Mo. 1064, 111 S. W. (2d) 173; 38 Am. Jur. 779, § 118; For another smoldering fire case, see Smith v. Dold Packing Co., 82 Mo. App. 9.] Of course, if defendant had permitted the fire to escape beyond his premises we would have a different case. For that reason, other cases cited by plaintiffs are not in point. [Dutton v. City of Independence, 227 Mo. App. 275, 50 S. W. (2d) 161; Kansas City ex rel. Barlow v. Robinson, 322 Mo. 1050, 17 S. W. (2d) 977; Diehl v. A. P. Green Fire Brick Co., 299 Mo. 641, 253 S. W. 984; Alligator Co. v. Dutton, (8th C.C.A.) 109 Fed. (2d) 900.] The City of Independence case involved injury from a fall from the unguarded end of a culvert on a pathway in its street. This was a dangerous condition created by the City at a place where the Court held ''plaintiffs' son was not a trespasser'' and where ''he had a right to be.'' In the other three cases, explosive or semi-explosive substances which did not appear to be dangerous (two involved dynamite caps) were left or abandoned in places accessible to and frequented by children; and apparently were not on premises owned by defendants therein. Abandoning or leaving dangerous explosives in an apparently harmless form under the circumstances of those cases is very different from burning ordinary waste materials on defendant's own property as was done in this case.

We hold that defendant is not liable under the circumstances of this case.

The judgment is affirmed. All concur, except *Douglas, J.,* who dissents in opinion filed.

DOUGLAS, J., *Dissents,* believing the case should be tried to develop the facts fully in order to determine whether the application of the doctrine should be reexamined in view of present living conditions in densely populated urban areas.