**Randy GEIGER, Appellant,**

v.

**Michael BOWERSOX, et al., Respondents.**

No. 72392.

Missouri Court of Appeals, Eastern District, Division Two.

April 21, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1998.

JAMES R. DOWD, Judge.

Randy Geiger is an inmate at the Potosi Correctional Center. On November 16, 1995, after requesting and receiving his Maalox prescription from prison guard Dennis Pemberthy, Mr. Geiger ingested floor wax which had been placed into his Maalox bottle. Mr. Geiger immediately started vomiting and coughing up blood. Mr. Geiger was treated at Washington County Hospital and placed on an all liquid diet. Prison policy mandates that inmates' prescriptions are to be maintained and administered only by prison medical staff. However, Jane Doe, a prison nurse, placed Mr. Geiger's Maalox prescription into the control of the housing unit guards. Liquid floor wax is only accessible by prison employees.

Mr. Geiger filed a *pro se* petition with the circuit court of Washington County alleging four causes of action, charging nurse Jane Doe and guard Dennis Pemberthy with negligence, Mr. Pemberthy with assault, and prison warden Michael Bowersox with vicarious liability for failure to properly train and supervise his employees. The trial court dismissed Mr. Geiger's petition without prejudice for failure to state a cause of action on March 10, 1997. On March 25, 1997, the trial court amended the order to dismiss the petition with prejudice. Mr. Geiger appeals the dismissal, alleging that the trial court erred in dismissing the negligence claim against Jane Doe and the assault claim against Dennis Pemberthy.[1]

### I. Standard of Review

A motion to dismiss for failure to state a cause of action is a test of the adequacy of the plaintiff's petition. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). An appellate court considers the facts set forth in a petition to determine the validity of the trial court's judgment. *Friedman v. Edward L. Bakewell, Inc.*, 654 S.W.2d 367, 368 (Mo.App. E.D. 1983). This court reviews the granting of such a motion in the light most favorable to the plaintiff's claims, assumes that the facts

Michael A. Gross, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Munich, Deputy Atty. Gen., Jefferson City, John J. Lynch, Asst. Atty. Gen., St. Louis, for respondents.

---

**1.** Mr. Geiger does not challenge the trial court's judgment dismissing his other two claims with prejudice.

alleged in the pleading are true, construes those facts liberally in favor of the appellant, gives the appellant the benefit of every reasonable intendment favorable to his pleading, and judges that pleading with "broad indulgence." *Auto Alarm Supply Corp. v. Lou Fusz Motor Co.*, 918 S.W.2d 390, 392 (Mo. App. E.D.1996).

## II. Claim Against Mr. Pemberthy

■ Mr. Geiger contends that his assault claim should be construed as a claim of battery. While it is true that a plaintiff's "erroneous characterization of an action" does not defeat the claim if he has alleged "the essential facts necessary to state a basis for relief," *Gaffney v. Community Federal Savings & Loan Ass'n*, 706 S.W.2d 530, 533 (Mo.App. E.D.1986), Mr. Geiger fails to state a claim against Mr. Pemberthy either as an assault or as a battery.

### A. Assault

■ An assault is defined as any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril. *Adler v. Ewing*, 347 S.W.2d 396, 403 (Mo.App.1961). Even under the broadest reading of Mr. Geiger's claim there is no fear of imminent peril. The petition makes clear that Mr. Pemberthy handed to Mr. Geiger the Maalox bottle and that Mr. Geiger self-administered an adult dosage. Lacking such a fear of imminent peril, the petition fails to allege an essential element for an assault claim.

### B. Battery

■ A battery is an intended, offensive bodily contact with another. *State ex rel. C.S. v. Dowd*, 923 S.W.2d 444, 449 (Mo.App. E.D.1996). The petition fails to allege any facts that support the requisite element of intent necessary to carry any claim of battery. It is well established that Missouri is a fact pleading state. *Luethans v. Washington Univ.*, 894 S.W.2d 169, 171 (Mo. banc 1995). Fact pleading is intended to limit and define for the parties and the trial court the controverted issues and to facilitate a trial on the merits. *Davis–Bey v. Missouri Dep't of Cor-*

*rection*, 944 S.W.2d 294, 296–97 (Mo.App. W.D.1997). Mr. Geiger's petition contains no facts that Mr. Pemberthy replaced his Maalox with floor wax or even knew that the bottle contained floor wax. He merely concludes that Mr. Pemberthy knowingly intended to poison him. For these reasons the trial court's dismissal of the battery claim is not erroneous.

## III. Claim Against Jane Doe

■ After careful review of Mr. Geiger's claim against Jane Doe, we conclude that it contains all of the essential elements of a negligence action. Further, the facts indicate that Jane Doe was performing a ministerial, as opposed to a discretionary, duty. Therefore, Ms. Doe is not protected by either official immunity or the public duty doctrine.

### A. Negligence

■ The elements of a negligence claim are: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) breach of that duty, and (3) an injury to plaintiff which was proximately caused by the defendant's breach. *Jones v. Ames*, 901 S.W.2d 160, 162 (Mo.App. E.D. 1995). We find that Mr. Geiger has satisfied all three elements.

■ "The duty owed is generally measured by whether or not a reasonably prudent person would have anticipated danger and provided against it." *Berga v. Archway Kitchen & Bath, Inc.*, 926 S.W.2d 476, 479 (Mo.App. E.D.1996). In this case, Jane Doe owed a duty to Mr. Geiger to follow prison policy that only medical staff will maintain and administer medication to inmates. A reasonably prudent person would have anticipated the danger of contamination if medication was given to non-medical personnel and not done so.

According to the facts alleged in Mr. Geiger's petition, by violating official prison policy, Jane Doe breached the duty she owed to Mr. Geiger. Mr. Geiger was subsequently injured after ingesting the floor wax that had been placed in his prescribed Maalox bottle. Mr. Geiger alleges that the replacement and his ingestion of the floor wax and subsequent

injury were proximately caused by Jane Doe's failure to maintain and administer the Maalox herself pursuant to prison policy. We conclude that these allegations are sufficient to successfully plead a negligence claim.

### B. Official Immunity

■ We now turn to the question whether Jane Doe is entitled to official immunity. "The doctrine of official immunity shields a [public official] from liability for negligence in the performance of [her] discretionary, as opposed to ministerial, duties." *Brown v. Tate*, 888 S.W.2d 413, 415 (Mo.App. W.D.1994). "[T]he decision as to whether a public official's acts are discretionary or ministerial must be determined by the facts of each particular case after weighing such factors as the nature of the official's duties, the extent to which the acts involve policy making or the exercise of professional expertise and judgment, and the likely consequences of withholding immunity." *Kanagawa v. State, by and through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985).

The Supreme Court recently held in *Jungerman v. City of Raytown*, 925 S.W.2d 202 (Mo. banc 1996), that the City of Raytown was liable through the actions of an individual employee for the loss of an arrestee's Rolex watch due to the officer's failure to immediately inventory and store the arrestee's property. The court held that inventorying, recording, and storing Jungerman's property was a ministerial duty. *Jungerman*, 925 S.W.2d at 206. An analogy can be drawn between the watch in *Jungerman* and Mr. Geiger's Maalox.

From the facts alleged in the petition, we conclude that Jane Doe's duties were ministerial and that, therefore, she is not shielded from liability by official immunity. First, Jane Doe's duties included the maintenance and administration of inmates' prescriptions as directed by prison policy. Second, her actions did not involve policy making or the exercise of professional expertise or judgment. As alleged, the prison policy regarding the maintenance and administration of inmates' prescriptions does not depend on discretionary judgment calls. According to the petition, Jane Doe was not a decision maker but was simply to perform according to policy.

### C. Public Duty Doctrine

■ The final issue we address is whether the public duty doctrine shields Jane Doe from liability. The public duty doctrine states that a public employee is not civilly liable even for breach of a ministerial duty if that duty is owed to the general public rather than to a particular individual. *Jungerman*, 925 S.W.2d 202, 205 (Mo. banc 1996). A particular individual is owed a duty for "the performance of ministerial duties in which a private individual has a special, direct, and distinctive interest." *Id.* at 205; *State ex rel. Barthelette v. Sanders*, 756 S.W.2d 536, 538 (Mo. banc 1988). Under the allegations of the petition, it appears that Jane Doe is not covered by the public duty doctrine because she owed no duty to the general public and Mr. Geiger had a special, direct, and distinctive interest in Jane Doe's performance of the duty.

Once again an easy analogy can be drawn between *Jungerman* and the instant case. The court found in *Jungerman* that the arrestee had a special, direct, and distinct interest in the proper handling of his personal property and that injury to him as a distinct, identifiable individual was foreseeable from a breach of the duty to inventory and secure his watch. 925 S.W.2d at 206. The court then distinguished the case from others where duties were owed only to the public as a whole, i.e. failure to enforce gambling laws and failure to take safety measures at public swimming area. *Id.*

Jane Doe does not owe the general public the duty to maintain and administer the prescriptions of inmates. This is a duty owed specifically to the inmates. Jane Doe's alleged failure to follow prison policy regarding the administration and maintenance of prescriptions did not affect the general public, but only Mr. Geiger who had a special, direct, and distinctive interest in Jane Doe's performance of her ministerial duties.

Based on the foregoing, the judgment of the trial court as it relates to the charge against Dennis Pemberthy is affirmed. The

dismissal against Jane Doe is reversed and remanded for further proceedings consistent with this opinion.

CRANE, P.J. and RHODES RUSSELL, J., concur.