Donald ROSENFELD,
Plaintiff/Appellant,

v.

Virginia A. THOELE,
Defendant/Respondent.

No. ED 77403.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 26, 2000.

Lewis C. Green, St. Louis, for appellant.

John G. Enright, St. Louis, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Plaintiff, Donald Rosenfeld, sued defendant, Virginia Thoele, individually and in her capacity as personal representative of the estate of Leonard Thoele, for trespass and nuisance, seeking both an injunction and damages. Defendant moved to dis-

miss plaintiff's petition for failure to state a claim upon which relief can be granted. The trial court granted this motion and dismissed plaintiff's petition without prejudice; plaintiff appeals. We reverse and remand.

■■■ As a preliminary matter, we note that we have jurisdiction over this appeal. Although not challenged by defendant, we have an affirmative duty to determine our jurisdiction, *Nooney v. NationsBank, N.A.*, 996 S.W.2d 783, 787 (Mo.App.1999). The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *State ex rel. State of Illinois v. Jones*, 920 S.W.2d 116, 117 (Mo.App.1996). There are exceptions, however. As our Supreme Court said in *Hasemeier v. Smith*, 361 S.W.2d 697 (Mo. banc 1962):

> When a petition is dismissed on the ground that it fails to state a claim upon which relief can be granted, the ensuing judgment of dismissal is final and appealable. The fact that the plaintiff may, if he chooses, bring another action for the same cause does not alter the fact that that judgment was a final adjudication as to that petition and if plaintiff chose to stand on that petition, the judgment was final and appealable.

*Id.* at 699. *See also Jones*, 920 S.W.2d at 117. Thus, the judgment in the case at bar is final and appealable.

■■■ Plaintiff contends defendant's motion to dismiss presented matters beyond the scope of his petition. Plaintiff further claims the trial court erroneously considered these matters without employing the procedures set forth in Rule 74.04 (pertaining to summary judgment), as required by Rule 55.27(a). Indeed, Rule 55.27(a) provides that where a motion to dismiss presents matters outside the pleadings, "the motion shall be treated as one for summary judgment and disposed

of as provided in Rule 74.04." We agree that defendant's motion to dismiss presented matters outside the pleadings and that the trial court did not treat the motion as one for summary judgment. However, plaintiff raises the issue for the first time on appeal, and, therefore, has failed to preserve it for appellate review. We will not convict the trial court of error not brought to its attention. *Sextro v. Burkey*, 950 S.W.2d 523, 525 (Mo.App.1997).

■■■ Plaintiff's other point of error challenges the propriety of the dismissal. A motion to dismiss for failure to state a claim upon which relief can be granted is a test of the adequacy of the plaintiff's petition. *Geiger v. Bowersox*, 974 S.W.2d 513, 515 (Mo.App.1998). Accordingly, we review the grant of such a motion in a light most favorable to the plaintiff, that is, we allow the averments in the petition their broadest intendment, assume the facts alleged therein are true, and determine whether the petition invokes principles of substantive law.[1] *Gray v. Ward*, 950 S.W.2d 232, 234 (Mo.banc 1997).

■■■ The first substantive cause of action advanced by plaintiff was for trespass. Where real estate is involved, "[t]respass is the unauthorized entry by a person upon the land of another, regardless of the degree of force used, even if no damage is done, or the injury is slight." *Crook v. Sheehan Enter., Inc.*, 740 S.W.2d 333, 335 (Mo.App.1987). Although we can find no Missouri case to this effect, the term "entry by a person" certainly includes entry by a structure or object as a result of that person's actions. *See* Restatment (Second) of Torts § 158 (1965); W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 13, at 70–71 (5th ed.1984).

■■■ Plaintiff's petition contains the following relevant allegations: (1) defendant constructed and maintained upon plaintiff's land "debris, a fill area consisting of dirt

---

1. Of course, to avoid a directed verdict, the plaintiff must adduce substantial evidence in support of the allegations.

and debris, and a tie wall consisting of wood and debris approximately 11 feet in height;" and (2) such debris, fill area, and tie wall have been constructed and maintained "over plaintiff's objection." The first allegation, taken as true, shows that defendant entered upon plaintiff's land, while the second shows such entry was unauthorized. Plaintiff's petition states a claim for trespass.

Defendant contends dismissal of the trespass claim was proper because the claim is barred by the statute of limitations.[2] This argument is meritless. Plaintiff originally filed an action for trespass in 1992, which was ultimately dismissed without prejudice on June 15, 1998. Section 516.230 RSMo (1994) allows a plaintiff who has suffered a "nonsuit," e.g., dismissal without prejudice, see *Korman v. Lefholz*, 890 S.W.2d 771, 774 (Mo.App.1995), to refile the action within one year, provided it was originally filed within the period of limitations. Defendant contends the petition at issue was not filed within that one-year period such that it "is irreparably flawed and does not state a claim." However, the St. Charles County Circuit Court docket sheet shows the petition at issue was filed on October 15, 1998, well within the one-year period.[3]

Plaintiff's second cause of action was for nuisance. Nuisance is the unreasonable, unusual, or unnatural use of one's property so that it substantially impairs the rights of another to peacefully enjoy his property. *Frank v. Envtl. Sanitation Mgmt., Inc.*, 687 S.W.2d 876, 880 (Mo.banc 1985). Plaintiff's petition alleges: (1) defendant was the owner of a tract of land adjacent to his; (2) defendant placed and maintained upon her land—as well as plaintiff's—debris, a fill area, and a tie wall; (3) such debris, fill area, and tie wall were placed and maintained in an "extremely shoddy and ugly form" which adversely affects the commercial value of plaintiff's land; (4) such debris, fill area, and tie wall were placed and maintained in a manner that "adversely affects the water table upon plaintiff's said tract of land, causes a displacement of the water reservoir and the flood plain upon plaintiff's said tract of land, and has obstructed a natural drain of surface waters and diverted surface waters onto plaintiff's tract of land."

"There is no exact rule or formula by which the existence of a nuisance or the nonexistence of a nuisance may be determined. 'Necessarily each case must stand upon its own special circumstances, and no definite rule can be given that is applicable in all cases ...'" *Id.* at 881. The questions of whether a use is "unreasonable" and whether it "substantially" impairs the rights of another to use his or her property are particularly fact intensive and, therefore, best suited for jury resolution. *Williams v. Monsanto Co.*, 856 S.W.2d 338, 341 (Mo.App.1993). We conclude the foregoing allegations, when taken as true, sufficiently permit a reasonable juror to conclude that defendant's placement and maintenance of debris, a fill area, and a tie wall was both unreasonable and a substantial impairment of plaintiff's ability to peacefully enjoy his property.

We note the fact that the debris, fill area, and tie wall are unsightly does not, without more, create an actionable nuisance. *Ness v. Albert*, 665 S.W.2d 1, 1–2 (Mo.App.1983). That such unsightliness adversely affects the value of plaintiff's land does, however. *See Frank*, 687 S.W.2d at 883 ("Damages for a permanent

---

**2.** This is one of the matters presented in the motion to dismiss that was beyond the scope of the petition.

**3.** We emphasize that section 516.230 RSMo (1994) operates only to extend the time within which a nonsuited action may be refiled; it does not curtail it. *See St. Louis Univ. v.*

*Belleville*, 752 S.W.2d 481, 483 (Mo.App. 1988). In other words, if the applicable statute of limitations allows more time to refile a nonsuited action than does section 516.230, the plaintiff is not required to refile within one year.

nuisance are measured by the difference in the land's market value immediately before and after injury; damages for temporary nuisances include the decrease in rental or useable value of property during the injury."). Furthermore, regarding the diversion of water onto plaintiff's land, plaintiff's petition sufficiently pleads an exception to the modified common enemy doctrine. This doctrine shields the owner of an upper tenement from liability for trespass or nuisance to lower landowners for surface water runoff unless the upper landowner: (1) diverted the flow of surface water runoff out of its natural drainway; or (2) caused the flow of surface water runoff to exceed the capacity of the natural drainway. *Hansen v. Gary Naugle Const. Co.*, 801 S.W.2d 71, 74, 75 (Mo.banc 1990). Plaintiff's petition does not specifically allege the debris, fill area, and tie wall caused surface water runoff to circumvent or exceed the capacity of its natural drainway. Giving the averments their broadest intendment, however, we think they suffice.

■■■■■ Defendant raises two new arguments on appeal.[4] First, defendant contends plaintiff's claim for injunctive relief is moot because the tie wall has already been removed.[5] The record reflects plaintiff's stipulation that the majority of the tie wall was removed in 1998 while the remainder was removed in 1999. A case is moot where an event has occurred which makes the court's decision unnecessary or makes it impossible for the court to grant the effectual relief. *State ex rel. County of Jackson v. Missouri Public Svc. Com'n.*,

985 S.W.2d 400, 403 (Mo.App.1999). Moot cases should generally be dismissed, as the circuit court lacks subject matter jurisdiction. *Id.; B.S. v. State*, 966 S.W.2d 343, 344 (Mo.App.1998). To the extent plaintiff's petition seeks removal of the tie wall, his case is moot. However, plaintiff also seeks to have the debris and fill area removed, as well as reestablishment of the grade upon which all structures are (or, in the case of the tie wall, were) located. Accordingly, removal of the tie wall does not preclude the circuit court from granting effectual injunctive relief.[6]

■■■■■ Second, defendant contends dismissal was proper because plaintiff failed to join a necessary party as required by Rule 52.04(a). The parties agree the adjacent land in question has been owned at all relevant times by a trustee, and not by defendant.[7] Neither the trustee nor the beneficiaries of the trust were named as defendants in the underlying action.[8] Defendant contends they are necessary to the proper disposition of the action such that dismissal was proper.

■■■■■ We note that ownership of adjacent property is not an element of trespass. Furthermore, although the strict definition of nuisance mentions the defendant's unreasonable *use* of his or her property, the real focus is the defendant's unreasonable *interference* with the use and enjoyment of the plaintiff's land. *See Frank*, 687 S.W.2d at 880. In fact, "one who creates a nuisance, *whether on his property or not*, is liable for the damage

4. Issues as to subject matter jurisdiction and failure to join a party under Rule 52.04 may be raised for the first time on appeal. Rule 55.27(g).

5. Count I of the petition requests removal of the tie wall, debris, and fill area and reestablishment of the grade upon which such structures and items are located.

6. It is axiomatic that removal of the tie wall does not moot plaintiff's claim for damages resulting from the construction and maintenance thereof.

7. At least not in her individual capacity; there is some evidence in the record that the adjacent land is owned by "Virginia Thoele, trustee."

8. A trust is not a legal entity. *Farris v. Boyke*, 936 S.W.2d 197, 200 (Mo.App.1996). The trustee is the legal owner of the trust property, in which the beneficiaries have equitable ownership. *Id.* As a general rule, in suits involving trust property, both the trustee and beneficiaries are necessary parties. *Id.*

caused thereby." *Brown v. City of Marshall,* 228 Mo.App. 586, 71 S.W.2d 856, 858 (1934) (emphasis added). *See also* 66 C.J.S., *Nuisances* § 75 (1998) ("It is not necessary in order to charge a person with liability for a nuisance that he should be the owner of the property on which it is created, but it is sufficient that he created the nuisance or exercises control over the nuisance-causing property."); 58 Am Jur 2d, *Nuisances* § 117 (1989) ("While the defendant in a nuisance action frequently is the owner of the property alleged to be the source of the nuisance, property ownership is generally not a prerequisite to nuisance liability. Rather, the test of liability for damage caused by a nuisance turns on whether the defendants were in control over the instrumentality alleged to constitute the nuisance, either through ownership or otherwise, . . ."). Nevertheless, we agree that the trustee and beneficiaries are necessary parties.

> Rule 52.04(a) provides in relevant part: A person shall be joined in the action if: . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest. . . . If the person has not been joined, the court shall order that the person be made a party. . . .

As the legal and equitable owners, respectively, of the adjacent land at issue, and ostensibly the debris and fill area located thereon, the trustee and beneficiaries certainly claim an interest in the subject of the action. If the finder of fact determines that injunctive relief is warranted, defendant will be ordered to enter upon their land, remove the debris and fill area, and regrade the land. If the trustee and beneficiaries are not parties to the action and do not consent to defendant's entry upon their land, the trial court will essentially have ordered defendant to commit a trespass, among other possible wrongful acts. In the language of Rule 52.04(a), therefore,

if the action is allowed to proceed in their absence, their ability to protect their interest therein will be impaired. Accordingly, upon remand, the trial court is instructed to permit plaintiff to join the trustee and beneficiaries as defendants. If joinder is not feasible, the trial court must determine whether these are indispensable parties under Rule 52.04(b) and proceed accordingly. *See generally Feinberg v. Feinberg,* 924 S.W.2d 328, 331 (Mo.App.1996).

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

WILLIAM H. CRANDALL, Jr., J., concurs.

JAMES R. DOWD, J., concurs.