VERA FITZMAURICE *vs.* THE CONNECTICUT RAILWAY AND LIGHTING COMPANY.

Third Judicial District, Bridgeport, October Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In using his land for legitimate purposes the owner is not required to guard against every possible danger to children. Unless their presence upon the premises could have reasonably been anticipated, he is under no duty to keep his land free from dangerous conditions.

In the present case a child about three years old was severely burned by climbing upon, or falling into, a pile of hot soot which had been dumped upon an ash heap upon the defendant's premises in the rear of its power-house. The trial court found that the child was a mere trespasser, that the ash pile, which was not near any thoroughfare, was not calculated to attract or interest children, and that the presence of an unattended child of such an age near ,it could not reasonably have been anticipated. *Held* that under these circumstances the defendant was not liable for the injury.

The case of *Birge* v. *Gardiner*, 19 Conn. 507, distinguished.

Argued October 26th—decided December 15th, 1905.

ACTION to recover for personal injuries alleged to have been caused by the defendant's negligence, brought to and heard in damages by the Superior Court in Fairfield County, *Robinson, J.;* facts found and judgment rendered for nominal damages only, and appeal by the plaintiff. *No error.*

*John J. Walsh* and *John Keogh,* for the appellant (plaintiff).

*William T. Hincks,* for the appellee (defendant).

HALL, J. The plaintiff, an infant about three years of age, brings this action by her next friend. On the day alleged in the complaint, while living with her parents in a house belonging to her uncle, Patrick Fitzmaurice, she strayed upon the defendant's land, and either climbed upon,

or fell into, a pile of hot soot, which one of the defendant's workmen had that day dumped in the defendant's yard, and was severely burned. Upon the following facts the trial court held that she was not entitled to a judgment for substantial damages.

The back-yard of the premises of said Patrick Fitzmaurice extended along the west side of land purchased by the defendant, about five years before the time of accident, as a place upon which to dump ashes and soot from the furnace of its power-house located upon land adjoining that of said Patrick Fitzmaurice on the west. This land, in the rear of the defendant's premises, had been used by the defendant as such a dumping ground ever since its purchase, in substantially the same manner as on the day of the accident. It was practically an open lot, the fences on the east and west sides of it having been down, or in a dilapidated condition, ever since the company bought it. It did not appear that there had been any division of the fence between the defendant's and Patrick Fitzmaurice's land for the purpose of repair.

During most of the time while this yard had been so used, the accumulated ashes had formed a pile fifteen to twenty feet wide, extending thirty or forty feet from the rear of the power-house, and sloping from a height of three or four feet down to the ground at what remained of the divisional fence between the land of the defendant and that of said Patrick Fitzmaurice. While cinders and material from the dump sometimes slid down this slope upon the Fitzmaurice property, the ashes did not extend over upon it to any considerable extent at the time of the accident. The ash pile was distant from the street and upon land not used by any one as a thoroughfare. Poor people of the neighborhood sometimes raked over the edges of the pile for coke and were not driven away by the defendant. The place was not one likely to attract children, nor was there anything to cause the defendant to anticipate that a child of the plaintiff's age would stray unattended upon the premises and be injured. The plaintiff had never gone upon the defendant's lot before, nor

had any one been burned by the ashes or soot upon said land before.   The soot, by which the plaintiff was burned, was dumped by the defendant's workman upon the side of defendant's lot most distant from the Fitzmaurice property, during the forenoon of the day of the accident, which occurred at about 1:30 in the afternoon.   There was nothing in the appearance of the pile of soot to indicate its heat. The defendant knew that the soot thus thrown out retained its heat for a considerable time, but did not throw water upon it or attempt to cool it in any other way.

The trial court held that under these circumstances the defendant was not negligent, and that the injury to the plaintiff was due to her "infantile inexperience and helplessness."

Of the six reasons of the plaintiff's appeal the first, third, and fourth may be dismissed with the statement that the rulings assigned by them as erroneous do not appear to have been made by the trial court.   The remaining reasons of appeal are, in substance, that the court erred in holding that there was no implied invitation to the plaintiff to come upon the defendant's premises ; that the facts did not make the doctrine of " attractive nuisance " applicable ; and that the defendant was not required to protect and safeguard the heated soot and ash pile upon its land.

None of these assignments of error can be sustained upon the facts found by the trial court.

In support of his claims the plaintiff's counsel cites the case of *Birge* v. *Gardiner*, 19 Conn. 507, and many cases of injuries to children whose presence upon the defendant's premises and near the dangerous object should have been reasonably anticipated by the defendant.   In *Birge* v. *Gardiner* the defendant was held liable upon the ground that he was negligent in placing a heavy gate upon or near the line of a lane or public passway, over which the plaintiff, a child under seven years of age, and other children and persons were accustomed to pass in going from their homes to the highway and *vice versa*, and because the gate, although upon the defendant's land, was left in such an insecure condition

that it fell upon the plaintiff when, as the defendant claimed to have proved, he put his hands upon it and shook it, as he was passing along the lane from the highway to his home. The opinion states that the court did not decide whether the plaintiff was a trespasser or not, but that if he was, the defendant might properly have been found guilty of such gross negligence as to render him responsible, as in cases of injuries to trespassers by spring-guns and man-traps placed by the owners of land upon their property.  Evidently the gross negligence of which he might have been found guilty was the careless leaving of this insecurely fastened and heavy gate where he had reason to know it was liable to fall· upon persons who might be lawfully using the public passway.  -

The case at bar differs from *Birge* v. *Gardiner*, in that in the present case it appears that the plaintiff was a mere trespasser upon the defendant's land; that the object of danger was not on or near land used as a thoroughfare; and that the presence of an unattended child, of the plaintiff's age, near it, was not reasonably to have been anticipated.  It differs from most of the other cases cited, of injuries to children, either in the fact that the present defendant's land was never used as a playground or place of resort for children, or in the fact that the dangerous object was not in the present case calculated to attract or interest children.

The owners of land are not required in using it for legitimate purposes to guard against every possible danger to children.  To children whose presence upon the premises could not reasonably have been anticipated, they owe no duty to keep their land free from dangerous conditions.  As the facts show that the defendant had no reason to anticipate that a young and unattended child like the plaintiff might come into this dump-yard and upon or near this pile of hot ashes or soot, it is not liable for the injury sustained by the plaintiff.

There is no error.

In this opinion the other judges concurred.