Cheshire,  }
April 2, 1912.  }

### MADDEN, *Adm'r*, *v.* BOSTON & MAINE RAILROAD.

In an action against a railroad company for negligently causing death, certain evidence held insufficient to authorize findings that the decedent was not a trespasser at the time of her injury, and that the defendants' servants knew of her presence in a place of danger before her peril became imminent.

Railroad employees engaged in burning grass on the right of way are not chargeable with negligence because they failed to take precautions for the protection of infant trespassers whose presence was not reasonably to be anticipated.

If a declaration by the victim of an accident as to the circumstances attending his injury might properly have been excluded by the court as a matter of discretion, an exception to its rejection presents no question of law.

CASE, for negligently causing the death of the plaintiff's intestate, a girl about six years old. Transferred from the October term, 1911, of the superior court by *Plummer*, J.

At the time of the negligence alleged, the defendants' section crew were burning the grass on a bank within the right of way, at a place in Winchester opposite the premises where the intestate lived with her parents, which were separated from the railroad way by a stone wall. The evidence was conflicting whether the fire spread to the premises where she lived; but if it did, it was only for a few feet close to the wall, and there was no evidence whether such burning took place before or after she got on fire. When the child was first seen after catching fire, she was on the railroad's right of way, running from the fire, and her screams attracted the notice of the trackmen who were working on the track. There was evidence that she was then from fifteen to twenty feet from the men. There was no other evidence of the place at which, or the manner in which, she caught fire. The .court ruled that there was no evidence from which the jury could find that she was not a trespasser at the time she caught fire, and the plaintiff excepted.

The child had several sisters, who were all young. There was evidence that on a few occasions the trackmen had seen them sitting on the wall, and that once, several months before, they were seen playing on the track. There was no evidence that the child had been seen by any one from the time she left the house, shortly before the accident, to the time when her screams were first heard by the trackmen. Two of the crew were watching the' fire where it was set. By reason of the railroad curve and the cut, they were not in sight of the place where the child was first seen by the other men.

The plaintiff offered evidence of a statement made by the deceased to her father about an hour after the accident, as to how it occurred. The evidence was excluded, and the plaintiff excepted. The court ordered a verdict for the defendants, subject to the plaintiff's exception.

*Joseph Madden* (by brief and orally), for the plaintiff.

*John E. Allen* (by brief and orally), for the defendants.

WALKER, J.   One of the facts it was essential for the plaintiff to prove or establish by a preponderance of evidence was that the defendant was guilty of a breach of some duty it owed to the intestate, which naturally resulted in her injury. But its duty to her, if she was a trespasser when her injury occurred, would not be the same it would if she was not a trespasser. It was a matter in dispute

at the trial whether she was on the defendant's land when she caught fire, or on her father's premises. According to the testimony, no one saw her when her clothing caught fire, and she was first seen on the defendant's land enveloped in flames. How she caught fire was not disclosed by the evidence, nor did it appear where she was at that particular time. As ruled by the court, there was no evidence that the deceased was not a trespasser when she caught fire. She was first discovered on the defendant's right of way after her clothing was on fire. How long she had been there is not disclosed by the evidence; and it would be the merest conjecture to suppose that the fire came in contact with her while she was upon her father's premises, and that she then escaped over the wall onto the defendant's land. She must be treated as a trespasser.

The only evidence that the defendant's servants actually knew of her presence was that when they were attracted by her screams she was only some fifteen feet from them; and from this it is argued that they must have known she was about there before she caught fire. In the absence of any evidence that she had occupied that position for more than an instant of time, or where she caught fire, or that she had done anything before screaming to attract the attention of the men engaged in their work on the track, it cannot be reasonably inferred that they knew of her presence in their vicinity before she caught fire. The evidence is not sufficient to authorize a finding that they knew she was in a place of danger until she was in imminent peril.

Nor does the evidence have any legitimate tendency to show that the workmen ought to have known that she or other little children were liable to be there. It does not appear that the defendant's way was frequented by children. It had not been used as a playground, and there was no reason to anticipate that children would trespass upon it when it was being burned over. It is argued that the fire was attractive to children, and that the defendant, knowing this fact, ought to have anticipated that they would trespass upon its way to play with the fire. But this assumption is not universally true, for many children are repelled by the sight of a conflagration. It is impossible without other evidence to account for the presence of the deceased on the defendant's way. What induced her to go there is problematical; and it cannot be inferred that she was there because the fire attracted her, in order to draw the further inference that the railroad men ought in the exercise of reasonable care to have known of her presence in time to warn her of her danger. When she

screamed, nothing could be done to save her. If, therefore, it would have been the defendant's duty to warn her of her danger or to drive her from its land, if its servants had known or ought to have known of her presence (*Hobbs* v. *Company,* 75 N. H. 73; *Buch* v. *Company,* 69 N. H. 257), the fact that it cannot be charged with that knowledge prevents the application of that doctrine, and shows that her injury is not attributable to its violation of any duty it owed to her. It had a right to burn the dry grass by the side of its track without keeping watch for casual trespassers who might possibly get into the flames and be injured. *Shea* v. *Railroad,* 69 N. H. 361. Whether, if it had known the deceased was present, it would have been its duty to protect her from being burned by the fire, on the ground that the fire was "active intervention" by the landowner, it is unnecessary to consider.

The exception to the exclusion of evidence of the declaration of the little girl an hour after the accident, explaining how she caught fire, presents no question of law for the court. The evidence may have been excluded by the court as a matter of discretion. "Much must be left to the discretion of the court in admitting or rejecting such testimony." *Dorr* v. *Railway, ante,* 160, 162.

*Exceptions overruled.*

All concurred.