178 So. 66

## W. F. BRADLEY LUMBER CO. v. CROWELL.

### 3 Div. 790.

Court of Appeals of Alabama.
Oct. 5, 1937.

Rehearing Denied Nov. 9, 1937.

14

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Chas. M. Pinkston, of Montgomery, for appellee.

BRICKEN, Presiding Judge.

Counts 1 and 2 of the complaint and the demurrer of the defendant appear in the reporter's statement.

There was evidence tending to show that children played in the Bradley Lumber Company's field or on "its premises" quite often. The plaintiff was nearly 12 years old and his account of how he was injured is found on page 17 of the record in the following language: "The day I got hurt I was just walking around there. I stepped in that sawdust pile there, or ash pile, or whatever it was. That's where I got burnt. It looked like clay or gray sand to me. I wasn't just sticking my foot in it for the fun of it, or playing with the fire. There wasn't a fire in that ash pile, that I know of. I stepped in the ash pile; I guess it was an ash pile. My foot was burned there. There wasn't a fire in the ash pile that I know of. Must have been coals down in the lower bottom, but wasn't none on top. Wasn't any smoke coming off that ash pile where I stepped in, or any heat coming off of it. I didn't go there and willfully stick my foot in the ash pile. I didn't know it was an ash pile when I walked on there."

The question is whether this concern (appellant) is liable under the attractive nuisance doctrine for injuries sustained by the plaintiff as a result of stepping into the ash pile on its premises at a place where it could not be seen by a child approaching it until the child had already become a trespasser.

We are of the opinion that neither the ash pile described in the complaint nor in the evidence was an instrumentality of a character likely to attract children. Fitzmaurice v. Connecticut R. & L. Co., 78 Conn. 406, 62 A. 620, 3 L.R.A.,N.S., 149, 112 Am.St.Rep. 159, and a helpful note in 36 A.L.R. 205, where the cases are collated.

A review of the evidence is unnecessary. We have carefully read the record. This court is bound to follow the decisions of the Supreme Court of Alabama. Well-reasoned cases decided by that tribunal bring us to the conclusion that the demurrer to counts 1 and 2 should have been sustained and that the affirmative charge as to each count, requested in writing, should have been given. Cox v. Ala. Water Co., 216 Ala. 35, 112 So. 352, 353, 53 A.L.R. 1336; Ellison v. Ala. Marble Co., 223 Ala. 371, 136 So. 787.

For the errors noted, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.