**BAKER et al. v. DAVIS.**
No. 2661.

Court of Civil Appeals of Texas. Eastland.
April 23, 1948.

Rehearing Denied May 21, 1948.

G. B. King, of Albany, and L. D. Hawkins, of Breckenridge, for appellants.

Thomas L. Blanton, of Albany, for appellee.

GRISSOM, Chief Justice.

In August, 1936, O. E. Beck executed an oil and gas lease in the usual form on land owned by him in Shackelford County to Owens-Snebold Oil Corporation. Thereafter C. A. Baker and others became the owners of said lease upon which there was, among others, a producing oil well known as No. 6, which was operated by an underslung pump jack. After Baker and others became the owners of said lease and while they were exercising their rights under said lease, and pumping well No. 6 with an underslung pump jack, the operation of which was dangerous to cattle grazing there, Davis, with knowledge of said facts, obtained a grazing lease from Beck, the lessor and owner of the surface, and turned his cattle into the pasture where said well was being pumped. Later, some of Davis' cattle were injured by said pump jack. Thereupon Davis called upon an employee of said lessees to build a fence around said pump but he continued to permit his cattle to graze around said pump as they had since he first acquired the grazing lease. Afterwards a steer belonging to Davis was killed by said pump jack and he brought this suit against the owners of said oil and gas lease for damages. Upon a jury verdict, judgment was rendered for plaintiff against defendants for the value of the steer. Defendants have appealed.

The judgment for plaintiff for the value of his steer killed by defendants' unguarded pump jack rests upon a jury verdict which includes findings, in substance, that defendants, owners of the lease and operator of the pump that killed the steer, were guilty of negligence in failing to place a fence around said pump in order to keep out plaintiff's cattle and prevent them from being injured by the pump jack. Although the evidence conclusively shows the plaintiff knew of the oil lease, the operations thereon by the lessees, their use of the underslung pump jack, that it was dangerous for cattle to graze there, and that, nevertheless, plaintiff turned his cattle loose upon said premises and did nothing to prevent his cattle from coming in contact with the pump jack, the jury found plaintiff was not guilty of negligence.

There is nothing in the oil and gas lease that obligated defendants to place a guard or fence around the pump for the protection of plaintiff's cattle. Defendants were operating the lease in the same manner when the steer was killed as they were when the plaintiff, with knowledge thereof, obtained his grazing lease and turned his cattle loose on the land where they could come in contact with said pump jack. Under the circumstances of this case, it has been held in Texas and elsewhere that defendants had no duty to erect a fence, or guard, around their pump jack. In the absence of such a duty they were not guilty of negligence in failing to place a fence, or guard, around the pump jack. Furthermore, under such circumstances, it has been held that plaintiff was guilty of negligence. Pitzer & West v. Williamson, Tex.Civ. App., 159 S.W.2d 181, 182, writ dis.; Sinclair Prairie Oil Company v. Perry, Tex. Civ.App., 191 S.W.2d 484, 486; Benefiel v. Pure Oil Company, 322 Ill.App. 5, 53 N.E. 2d 726; Pure Oil Company v. Gear, 183 Okl. 489, 83 P.2d 389, 393. In 31-A Tex. Jur. 214, the applicable rule is stated as follows:

"In the absence of a duty resting upon the lessee to fence places on the leased premises that are dangerous to animals and a negligent breach of that duty, lessee is not liable to the lessor or other person in possession of the premises for injury to such person's cattle, as where there cattle are poisoned by drinking refuse near oil wells operated by the lessee. This is particularly true where the lessor is guilty of contributory negligence as where, knowing of the oil operations of the lessee and of the dangerous character of the place where such operations are conducted, he turned his livestock into the particular field and fed it at a point near the lessee's slush pits." See also Summers Oil & Gas, 4th Ed., page 25.

The judgment is reversed and judgment is rendered for appellants.