Cohn, Trustee, Respondent, v. Zippel and others, Appellants.

*November 30, 1960—January 10, 1961.*

For the appellants there was a brief by *Affeldt & Lichtsinn,* and oral argument by *Eldred Dede,* all of Milwaukee.

For the respondent there was a brief and oral argument by *Harry S. Sicula* and *Jack L. Goodsitt,* both of Milwaukee.

BROADFOOT, J.  The attorneys for the plaintiff felt that orderly pleading required them to divide their cause of action into various periods of time.  We do not agree with them.  A reading of the complaint indicates that but one conspiracy is alleged.  Averments in the separate causes of action state generally when and how the object of the conspiracy was allegedly carried out and that the plaintiff was damaged.  There is only one subject of the action and that is the conspiracy to injure plaintiff and its consummation, to the damage of the plaintiff.  All of the allegations of fact in the complaint are parts of the presentation of that one subject.  Facts alleged in the so-called second and third causes of action, other than those necessary to constitute or complete the cause of action first alleged, must be treated as surplusage.  *Weber v. Naas,* 212 Wis. 537, 250 N. W. 436.

The appellants contend that the complaint is defective for the reason that it does not allege malice.  In support of that contention they cite *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046.  That action involved a criminal conspiracy, the rules of which are different from those in an action for civil conspiracy.  Our last word on the requirements

of alleging malice is contained in *Mendelson v. Blatz Brewing Co.* 9 Wis. (2d) 487, 101 N. W. (2d) 805, wherein it is stated that if a conspirator acts intentionally and knowingly for unworthy or selfish purposes, it is the equivalent of malice.

Under our liberal rules of pleading and viewed in the above light, the complaint states one cause of action.

The fact that the plaintiff asks for equitable relief in addition to damages does not mean that the complaint is defective because causes of action have been improperly united. There is but one primary right that is sought to be enforced and one subject of controversy presented for adjudication. *Whaling v. Stone Construction Co.* 5 Wis. (2d) 113, 92 N. W. (2d) 278.

With the understanding that but one cause of action is alleged in the complaint the defendants are properly informed of the allegations against them and they are in a position to answer the material allegations thereof.

*By the Court.*—Order affirmed.