THIEL, by Guardian *ad litem,* and another, Respondents, v. BAHR CONSTRUCTION COMPANY, Appellant.

*March 6—April 4, 1961.*

For the appellant there was a brief and oral argument by *Dudley O. Emmert* of Manitowoc.

For the respondents there was a brief and oral argument by *John C. Mayer* and *John E. Huberty,* guardian *ad litem,* both of Manitowoc.

BROADFOOT, J. The trial court denied the motion to strike for the reason that no authority was cited for the granting of the motion for the reasons stated therein. Attention was called to secs. 263.42, 263.43, and 263.44, Stats., with reference to when pleadings may be stricken. In any event, the same issue was raised by the demurrer.

It is true that the alleged violation of the safe-place statute, sec. 101.06, merely alleged another act of negligence on the part of the defendant. It was not the proper basis for a separate cause of action. However, the demurrer cannot be sustained on that ground. Taken as a whole the complaint alleges but one cause of action by each plaintiff and that is based on the claimed negligence of the defendant. All of the allegations in the complaint are parts of the presentation of that one subject, regardless of how they are subdivided. Only one primary right is sought to be enforced and the allegations in the so-called second cause of action other than those necessary to constitute or complete the cause of action first alleged must be treated as surplusage. *Weber*

*v. Naas,* 212 Wis. 537, 250 N. W. 436; *Cohn v. Zippel,* 12 Wis. (2d) 258, 107 N. W. (2d) 184. Therefore the complaint was not demurrable because several causes of action were improperly united therein.

The defendant further contends that the complaint is demurrable because sufficient allegations of negligence were not contained therein. The defendant admits that the complaint was drawn with the intention of pleading a cause of action under the attractive-nuisance doctrine. The case of *Angelier v. Red Star Yeast & Products Co.* 215 Wis. 47, 254 N. W. 351, stated the elements to be alleged and proved in an attractive-nuisance case. We have carefully checked the allegations of the complaint against those elements. By giving the complaint the liberal construction which we must when it is attacked by demurrer, we find that the complaint states a cause of action.

That part of the complaint alleging violation of the safe-place statute is also attacked on the ground that only conclusions of law are pleaded. That contention overlooks the incorporation of the first part of the complaint by reference. The complaint as a whole and taken as one cause of action sufficiently pleads a cause of action under the attractive-nuisance doctrine and also a violation of the safe-place statute.

The defendant further contends that the flares were so placed and maintained as to be in open view of the plaintiff and therefore as a matter of law it should be determined that the defendant is not liable so far as the attractive-nuisance doctrine is concerned. As authority for the statement the defendant cities an article in 42 Marquette Law Review, 64, 73, and the following quotation from Prosser, Torts (2d. ed.), p. 441, sec. 76:

"There are some dangers common in the community which any child of sufficient age to be allowed at large may be expected to understand and appreciate—such as the usual

risks of fire and water, of falling from a height or into an excavation, of soil caving in, of moving trains, or of ordinary visible machinery in motion. It is only where such hazards are masked, or the occupier has some special notice that children too young to comprehend them will be exposed, that he is under any obligation."

There is also an annotation in 27 A. L. R. (2d) 1187. We have read many of the cases therein cited. The important factor in most of the cases is the age of the injured child.

The question raised is too grave to be resolved as a matter of law from the pleadings before us. The issue can be raised in the answer to the complaint and testimony produced at the trial as to the general use of flares of the type used by the defendant in sewer-construction work; also as to whether or not there are other devices such as electric lights, battery-operated lights, lanterns, or glass-inclosed flares that can provide an effective warning without an undue burden being placed upon the defendant when small children are known to be in the vicinity of the work being done. A proper determination of the issue can only be made from a record reflecting all of the facts and circumstances leading up to the injury.

*By the Court.*—Order affirmed.