Carolyn **SKELTON**, a minor, who sues by her father and next friend, Wayne Skelton, Plaintiff in Error,

v.

**SINCLAIR REFINING COMPANY**, a Corporation, Defendant in Error.

No. 39181.

Supreme Court of Oklahoma.

June 19, 1962.

Rehearing Denied July 17, 1962.

Application for Leave to File Second Petition for Rehearing Denied Sept. 11, 1962.

Williams, C. J., and Blackbird, V. C. J., dissented.

James D. Fellers, John Joseph Snider, Mosteller, Fellers, Andrews, Snider & Baggett, Oklahoma City, for plaintiff in er-ror and cross defendant in error, Carolyn Skelton.

V. R. Tomlinson, New York City, Sloan Blair, Fort Worth, Tex., Russell V. John-son, Granville Tomerlin and Jack High, Oklahoma City, for defendant in error and cross plaintiff in error, Sinclair Refining Co.

JACKSON, Justice.

In the trial court, plaintiff Carolyn Skelton, a minor, by and through her father and next friend, sued defendants Sinclair Refining Company and Warren W. Rim-mer, d/b/a Rimmer Service Station, for damages sustained when she was burned in the rest room of the Rimmer Service Sta-tion at Marlow, Oklahoma.

The service station had been designed and built by Sinclair, who had leased the premises to Rimmer, the operator. The accident occurred when Carolyn's dress caught fire after she got too close to a radiant-type wall heater in the rest room.

■ Prior to trial, defendants' separate demurrers to plaintiff's petition were over-ruled; at the conclusion of plaintiff's evi-dence defendants' separate demurrers to plaintiff's evidence were overruled; and at the conclusion of all of the evidence, defendants' separate demurrers to the evi-dence and motions for directed verdict were overruled. All of these demurrers and motions preserved an objection to the suffi-ciency of the evidence. Plaintiff's motion to amend her petition to conform to the evidence was sustained.

The jury returned a verdict in favor of plaintiff and against Sinclair only; it found in favor of defendant Rimmer.

Thereafter, and before judgment was entered, Sinclair filed a motion for judg-ment notwithstanding the verdict. This motion was overruled, but its motion for new trial was granted, because of an alleg-edly erroneous instruction.

Plaintiff appeals from the order and judgment granting Sinclair a new trial, and Sinclair cross-appeals from the action of

the trial court in overruling its motion for judgment notwithstanding the verdict.

On appeal, plaintiff argues that the allegedly erroneous instruction was in fact correct, and that even if it was irregular, it constituted mere harmless error and was not prejudicial.

Sinclair argues that the instruction was incorrect and was prejudicial; and in connection with its cross-appeal, argues, among other things, that the court erred in overruling its motion for judgment notwithstanding the verdict because plaintiff's evidence failed to establish a cause of action against Sinclair, and for the further reason that since the basis of liability was the same for Sinclair and Rimmer, the verdict in favor of defendant Rimmer operated to "exonerate" Sinclair.

Since a finding that plaintiff failed to establish a cause of action against Sinclair would be determinative of the entire case, we consider that question first.

At the outset, plaintiff argues that an objection to the sufficiency of the evidence may not be urged in connection with an allegation of error in overruling a motion for judgment notwithstanding the verdict. In support of this argument, she cites 12 O.S.1951 § 698, as follows:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

It should be noted that the trial of this case was had before the amendment of the above quoted section by the 1961 Legislature.

■ Plaintiff also cites Elliott v. Marshall, Okl., 267 P.2d 599, wherein this court held:

"When a jury has returned its verdict in an action of legal cognizance the trial court is without authority to enter judgment non obstante veredicto, unless the party in whose favor such

judgment is rendered would be entitled to judgment on the pleadings."

Under the peculiar facts in this case, we do not believe the rule from Elliott v. Marshall, or the cited statute, preclude our consideration of the sufficiency of the evidence here. We have previously noted that defendant Sinclair preserved an objection to the sufficiency of the evidence at all stages of the proceedings, by proper demurrers and motions. We have also noted that at the conclusion of the evidence, plaintiff's motion to amend her petition to conform to the evidence was sustained. No *written* amended petition was actually filed; therefore, in this case, plaintiff's petition and her evidence are identical, and any failure of plaintiff's evidence to *establish* a cause of action is also a failure of plaintiff's petition to *state* a cause of action.

In Elliott v. Marshall, supra, it is specifically noted in the body of the opinion that plaintiff (who asked for the judgment non obstante veredicto) had not demurred to the evidence or moved for a directed verdict. He therefore sought to question the sufficiency of the evidence for the first time in the motion for judgment non obstante veredicto—a procedure clearly contrary to the provisions of the statute above quoted, which authorizes judgment notwithstanding the verdict only when the party asking such judgment is entitled to a judgment on the pleadings.

We note also that on appeal in this case, defendant Sinclair would have been entitled to urge the insufficiency of the evidence even if no motion for judgment notwithstanding the verdict had been made. This objection was properly preserved at all stages of the proceedings.

We hold that in an action of legal cognizance, where a party moves for judgment notwithstanding the verdict after having preserved at all stages of the proceedings an objection to the sufficiency of the evidence, and where a motion of the opposite party to amend his petition to conform to the evidence has been sustained with no written amended petition actually having

been filed, the motion for judgment notwithstanding the verdict raises the question of the sufficiency of the evidence. The rationale of this rule is clear: in such case, the petition and the evidence are the same, and any deficiency in the evidence represents a corresponding deficiency in the petition.

We now consider the sufficiency of plaintiff's evidence as against defendant Sinclair.

It is agreed that as a general rule the landlord is not liable in damages to the business invitees of the tenant. It is further agreed that exceptions to this rule exist under the so-called "public purpose doctrine" and "semi-public purpose doctrine". Plaintiff contends that the landlord, Sinclair, is liable here under the "semi-public purpose" doctrine. The particular negligence attributed to Sinclair is that it carelessly and negligently designed, constructed, and leased to Rimmer, a service station rest room that was dangerous and unsafe, because of the size and shape of the room, and the relative location of the facilities therein.

The only direct testimony that the rest room was unsafe came from an architect testifying as an expert for plaintiff. Sinclair objected to this testimony upon the ground that under the circumstances in this case, such testimony amounted to an invasion of the province of the jury, and the objection was overruled.

In this connection, it was not alleged or proved that the radiant-type wall heater was of defective design, or that it was not working properly; it was not contended that the size and shape of the room, and the appliances used therein, were not in accordance with accepted customary practices; the evidence did not show that the flame behind the radiants was too high or that improper combustion was taking place; no question of asphyxiation was involved. There was no latent or concealed peril; the condition of the premises was readily apparent to the casual observer. The allegation of negligence as to Sinclair amounts simply to the charge that the room with a radiant-type wall heater was too small for safe use by the 8 year old plaintiff, her 11 year old sister, and their mother, all at the same time. The rest room, its size, shape and construction, were all described to the jury, and an exact replica, containing the identical appliances from the Rimmer Service Station (stool, lavatory, and wall heater) was constructed in the courtroom, and was examined by members of the jury.

Under the facts presented in this case the testimony of the expert that the room was unsafe should have been excluded. The conditions presented here are well within the experience and knowledge of persons of ordinary understanding and the jury did not need the assistance of an expert to understand and evaluate whatever dangers were presented by this structure. In 20 Am.Jur. Evidence, Sec. 819, the rule is expressed as follows:

"It is essential, of course, to the admissibility of the opinion of an expert that the situation be one which is so far out of the practical experience of jurors as to render opinion testimony proper; opinions are not admissible when there is no necessity for the admission of such evidence."

See also 32 C.J.S. Evidence § 445, wherein it is said:

"The danger involved in receiving the opinion of a witness is that the jury may substitute such opinion for their own, and the courts will not require parties to encounter this danger unless some necessity therefor appears. Accordingly, where all the relevant facts can be introduced in evidence, and the jury are competent to draw a reasonable inference therefrom, opinion evidence will not be received."

In Kelso v. Independent Tank Company, Okl., 348 P.2d 855, this court quoted with

approval the following language from 146 A.L.R. 6:

"* * * Neither expert nor non-expert opinions are admissible where the matters are within the experience or knowledge of persons of ordinary understanding and experience, and where the witness, in order to form his opinion, must draw his deductions from facts which are in the possession of or which can be fully and adequately presented to the jury. Thus, it will be seen that the true theory upon which the opinion rule is based is necessity. In other words, opinion evidence is admissible where it is essential in order that the jury may reach an intelligent decision, and is excluded where superfluous because unnecessary."

It can hardly be said that the question of whether a rest room is of proper size and shape under a given set of circumstances is "so far out of the practical experience of jurors as to render opinion testimony proper". Here, all the relevant facts were introduced in evidence, and an exact replica of the rest room concerned was examined by the jurors; no special technical or scientific knowledge was required. The expert testimony was therefore inadmissible because unnecessary and should not be given probative value.

Since the testimony of plaintiff's expert witness was not admissible, we must look to the other evidence to see if plaintiff established a cause of action against Sinclair.

The remaining evidence of plaintiff, substantially uncontradicted, had to do with how the accident happened, the extent of the injuries received, the replica of the rest room, and certain documentary evidence offered to show the invitor-invitee relationship between Sinclair and plaintiff. The rest room was approximately square in shape, and had a little more than 28 square feet of floor space. The floor and walls were of ceramic tile. The door was in the north wall; the lavatory was near the center of the east wall; and the stool was in the southeast corner on the east wall facing west. The radiant-type heater was in-set into the south wall facing the door; it was of a standard type commonly found in small bath rooms and had two bars or guards in front of the two radiants; its west edge was about five inches from the southwest corner of the room, and its bottom edge was about five inches from the floor.

■ The two children entered the room first, and plaintiff's 11 year old sister occupied the stool, with plaintiff standing in front of her. The evidence affirmatively shows that Carolyn noticed the burning heater when she entered. Shortly thereafter the mother entered the room. Immediately thereafter the sister noticed that plaintiff's clothes were burning, and screamed.

We have carefully examined the evidence offered by defendants in this case and find that it was of no assistance to plaintiff in establishing a cause of action against defendants.

■ Assuming that the relationship between defendant Sinclair and plaintiff was that of business invitor and invitee under the "semi-public purpose" doctrine, the duty of Sinclair to plaintiff, with regard to safety, was as follows:

"The duty to keep premises reasonably safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care." City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462.

"It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted." St. Louis-San Francisco Ry. Co. v. Gilbert, 185 Okl. 591, 95 P.2d 123.

"There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." 38 Am.Jur. Negligence, Sec. 97.

In the case now before us, there is no allegation or evidence of hidden dangers, traps, snares, or pitfalls; there was no dangerous instrumentality or condition known to the owner or occupant and not to the person injured; if there was a danger in the rest room, it was obvious and reasonably apparent, and "as well known to the person injured * * * as to the owner or occupant".

■ It is suggested in the briefs that although there may have been no hidden danger in the room as to a normal adult, a different situation exists as to the plaintiff here, who was some weeks less than 9 years old at the time of the accident. We agree as a general proposition that a condition which does not constitute a "hidden danger" for an adult may constitute a hidden danger for a child. In this case, however, the so-called hidden danger to children is a bathroom heater of a type commonly used in homes and business establishments, and was in plain view of those entering the room. One of the first things a child is taught, or learns by experience, is that fire will burn and cause discomfort. This is a matter of common knowledge. Therefore, it can not be said that the location and character of the stove in question constituted a "hidden danger" for the plaintiff in this case.

Since there is no evidence of a hidden or latent danger, or facts from which such a conclusion may be drawn, it follows that Sinclair was under no duty to warn plaintiff of a "hidden" or "latent" danger which was readily observable and understandable by her as it was by Sinclair.

We hold that plaintiff failed to establish a cause of action against the defendant, Sinclair Refining Co. Since plaintiff's petition was amended to conform to the proof her evidence and her petition are the same, and it follows that Sinclair was entitled to judgment on the pleadings and to have its motion for judgment notwithstanding the verdict sustained.

In view of this conclusion it is unnecessary to consider the remaining arguments advanced by the parties on appeal.

The order and judgment of the trial court granting a new trial is reversed with directions to sustain defendant Sinclair's motion for judgment notwithstanding the verdict.

WELCH, DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

WILLIAMS, C. J., and BLACKBIRD, V. C. J., dissent.