No. 43,145

CAMERON E. CARTER and MARGARET M. CARTER, as Administrators of the Estate of William E. Carter, Deceased, *Appellees,* v. SKELLY OIL COMPANY, a Corporation, TOM KEPLINGER, RAY ROTHGEB, and AL STEINLE, *Appellants.*

(382 P. 2d 277)

Opinion filed June 8, 1963.

*Richard M. Driscoll,* of Russell, argued the cause, and *Jerry E. Driscoll,* also of Russell, and *Sam C. Oliver,* of Tulsa, Oklahoma, were with him on the brief for the appellants.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *Oscar Ostrum,* of Russell, was with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is a negligence action based upon the doctrine of attractive nuisance. It is brought by the administrators of the estate of William E. Carter, deceased, pursuant to authorization granted by the probate court. The trial court overruled the joint and separate demurrers filed by the defendants, and appeal has been duly perfected from such orders.

The only question presented is whether the pleadings state a cause of action under the attractive nuisance doctrine.

The petition alleged that the plaintiffs, the parents of the deceased child, had lived on a quarter section of land in Russell County for ten years, and that the Skelly Oil Company had been operating wells on the land as the oil and gas lessee for a number of years. The individual defendants are employees of Skelly Oil Company.

The petition further alleged that in addition to the deceased child, the plaintiffs had four other young children living at the farm home; that Skelly had recently dug a slush pond or pit about one-fourth of a mile from the home at a well location on the quarter section leased by the plaintiffs as farm tenants, and in a field farmed by the plaintiffs; that the well had been re-drilled in order to water flood the Kansas City pay zone, and the new slush pond or pit had been dug only a few days before the 8th day of January, 1961, when William E. Carter lost his life; that the slush pit had been used as a dump for waste material consisting of oil and other inflammable waste material, including a length of worn one-inch rope; and that on January 7, 1961, the defendants set fire to the slush pit and visited the pit once on January 7, and once on January 8, and otherwise left it unattended. The petition then alleged:

"4. That on the afternoon of Sunday, January 8, 1961, decedent, an immature boy of 13 years, between the hours of 2:00 and 6:00 p. m. of said day, while amusing himself, and without the company of anyone, was attracted to and approached said burning slush pit, and apparently was attracted by the fire and an oily 1-inch rope which had been discarded by the employees of defendant Skelly and partially thrown into said slush pit, and then and there attempted to pull it from the pit, or looped it around his body, and got too near to the vertical east wall or side of said slush pit, and either lost his balance, or slipped on the wet, damp soil and fell into said pit, or the edge of said wall crumbled away under his weight causing him to fall into said pit and into the oil fire that was burning therein, the exact facts being unknown to plaintiffs, and set his clothing on fire. That in his efforts to

escape, he crossed said pit and crawled out on the opposite side, a distance of about ten feet away from the edge of the pit, before succumbing to said fire.

"5. That in connection with such operations, Skelly and the other defendants were guilty of acts of negligence and carelessness which were the sole and proximate cause of the severe and fatal burns sustained by said William E. Carter, deceased, all of which were directed, approved and ratified by Skelly, as follows, to-wit:

"(a) In failing to make disposition of the slush pit refuse and oily and inflammable substances therein by methods other than by fire or burning.

"(b) In failing to realize that an open unguarded fire would be particularly attractive to boys of immature years, and as such, was an attractive nuisance to them; and that the Carter family had young children living in the vicinity of and in close proximity to said oil well and slush pit, all of which was well known to said defendants.

"(c) In establishing and maintaining a place attractive to children and persons of immature years, well knowing that said burning pit was fraught with hazard and danger to such persons.

"(d) In failing to realize that a slush pit fire flares into unusual and intense activity when the surface of the burning pit is stirred, disturbed or agitated, and to take proper precautions against such occurrences.

"(e) In constructing and maintaining an open slush pit with vertical east and west dirt walls wholly unsupported or guarded against undermining by the action of water and other fluids in said pit and winter-time freezing and thawing, thereby making such walls subject to erosion and crumbling and cave-ins.

"(f) In maintaining an open slush pit and using it as a dump for waste materials such as oil, ropes and other obstacles, and thus increasing the fire hazard of such pit.

"(g) In failing to erect and maintain warning signs of any kind in connection with such slush pit, particularly after it had been set on fire.

"(h) In the conduct of said foreman in setting fire to said slush pit without keeping or maintaining anyone as a guard to look after such fire.

"(i) In failing to erect guards, ropes, or other obstructions to prevent approach to the vertical walls of said slush pit.

"(j) In failing to enclose said slush pit and to post adequate barricades and obstructions to prevent children and minors from near approach to said burning pit.

"(k) In failing to take safety precautions of any kind to warn children and others of dangers inherent in a slush pit fire involving highly inflammable oily refuse and particularly in connection with the unsupported walls of said pit.

"(l) That said slush pit at the time hereinafter referred to was entirely open, unguarded and unenclosed by any fence, barricade or obstructions, and particularly the vertical dirt walls thereof, to prevent children and persons of immature years from approaching the edge of said pit.

"6. That by reason of all the acts of negligence and failures to act on part of defendants as aforesaid, he endured and incurred severe, excruciating pain and suffering, and mortal shock, resulting in his death, and

that by reason of the premises aforesaid, said decedent suffered intense agony, pain and suffering and indured terrific and mortal shock to his entire system, both bodily and mentally, and finally resulting in his death, all to his damage in the sum of $50,000.00."

The rules applicable to the instant appeal have been fully stated and discussed in the recent case of *Brittain v. Cubbon,* 190 Kan. 641, 378 P. 2d 141, and in the cases cited therein. These rules will not be restated herein, and further discussion will proceed on the assumption that the reader has familiarized himself with the decision in *Brittain.*

The appellants contend a slush pit is not an attractive nuisance. In support of this argument the appellants cite decisions and authorities holding: (1) That common and useful appliances or conditions are not so unusual and alluring to children as to furnish the essential elements of dangerous attraction and invitation (*Brennan v. Kaw Construction Co.,* 176 Kan. 465, 271 P. 2d 253; *McGaughey v. Haines,* 189 Kan. 453, 370 P. 2d 120; *Bruce v. Kansas City,* 128 Kan. 13, 276 Pac. 284; *Rhodes v. City of Kansas City,* 167 Kan. 719, 208 P. 2d 275; and *Zagar v. Railroad Co.,* 113 Kan. 240, 214 Pac. 107); (2) that if the danger involved is patent the object does not fall within the doctrine of attractive nuisance (*Brennan v. Kaw Construction Co.,* supra; *Shank v. Peabody Cooperative Equity Exchange,* 186 Kan. 648, 352 P. 2d 41; and *McGaughey v. Haines,* supra); (3) that open fires are not an object of attractive nuisance (*W. F. Bradley Lumber Co. v. Crowell,* 28 Ala. App. 12, 178 So. 66; *Zaia v. Lalex Realty Corp.,* 287 N. Y. 689, 39 N. E. 2d 300; *Rush, Appellant v. Plains Township,* 371 Pa. 117, 89 A. 2d 200; *Fitzmaurice v. Connecticut Ry. & Lighting Co.,* 78 Conn. 406, 62 Atl. 620; *Harper v. Cook,* 139 W. Va. 917, 82 S. E. 2d 427; *Smith v. Illinois Cent. R. Co.,* 177 Iowa 243, 158 N. W. 546; *Erickson v. Great Northern Ry Co.,* 82 Minn. 60, 84 N. W. 462; *Lentz v. Schuerman Building & Realty Co.,* 359 Mo. 103, 220 S. W. 2d 58; *Eason v. State,* 104 N. Y. S. 2d 683, aff'd 113 N. Y. S. 2d 479; *Madden v. Railroad,* 76 N. H. 379, 83 Atl. 129; *Hancock v. Aiken Mills, Inc.,* 180 S. C. 93, 185 S. E. 188; *Thiel v. Bahr Construction Co.,* 13 Wis. 2d 196, 108 N. W. 2d 573; *Brannon v. Harmon,* 56 Wn. 2d 826, 355 P. 2d 792; and *Skelton v. Sinclair Refining Company* [Okla.] 375 P. 2d 948); and (4) that an oil and gas lessee does not have any duty to erect a fence or guard around a slush pit. (*Mid-Continent Petroleum Corp. v. Rhodes,* 205 Okla. 651, 240 P. 2d 95; *Pitzer & West v.*

*Williamson* [Tex. Civ. App.] 159 S. W. 2d 181; *Sinclair Prairie Oil Co. v. Perry* [Tex. Civ. App.] 191 S. W. 2d 484; *Benefiel v. Pure Oil Co.*, 322 Ill. App. 5, 53 N. E. 2d 726; *Baker v. Davis* [Tex. Civ. App.] 211 S. W. 2d 246; and 65 C. J. S., Negligence, § 29 [14], p. 479.)

We have studied the decisions cited by the appellants but cannot escape the conclusion that the factual situation, in each instance, must be examined to determine whether an attractive nuisance exists.

The appellants' first point finds contradiction in the cases. Common and useful appliances or conditions have often been held to be attractive nuisances. For example, in *Biggs v. Wire Co.*, 60 Kan. 217, 56 Pac. 4, a boy fourteen years of age was caught in exposed machinery on private grounds, where the machinery was unprotected from the visits of trespassing children, and the owner who had knowledge that children and others were accustomed to frequent said grounds and to climb upon the structures supporting the dangerous appliances was held liable in damages.

In *K. C. Rly. Co. v. Fitzsimmons*, 22 Kan. 686, the court affirmed a jury verdict in which the railway company was held liable for leaving a turntable unlocked in an area where children played, where the turntable was not watched, guarded or fenced in.

The attractive nuisance doctrine is based upon the negligence of the proprietor who fails to protect young children attracted to his premises by some dangerous thing or place artificially created, and where he should have anticipated that children would be lured into the danger. (*Brittain v. Cubbon*, supra.)

In *Moseley v. City of Kansas City*, 170 Kan. 585, 228, P. 2d 699, the court said:

"It is not everything which may attract a child that can be regarded as an attractive nuisance, for there is no limit to the class of objects which may be attractive to a normal child even though he be less than ten years of age (45 C. J. p. 765.) To hold otherwise would place an unreasonable burden upon the owner of almost every kind of property capable of causing personal injury under any circumstances. The condition or appliance must be something unusual and which is of a nature rendering it peculiarly or unusually attractive or alluring to children. The object must be one and so situated that the owner knew, or should have known, it was attractive to children of tender years. . . ." (p. 591.)

Here the petition alleged the Carter family had young children living in the vicinity of and in close proximity to the slush pit, all

of which was well known to the appellants. It further alleged the appellants established and maintained a place attractive to children and persons of immature years, well knowing that the burning pit was fraught with hazard and danger to such persons; and that the appellants failed to take any measures designed to prevent children from near approach to the burning pit.

On their third point the appellants contend open fires are not an object of attractive nuisance. The petition in the case at bar alleges a slush pit fire, and it is a matter of common knowledge that oil burns emitting a dark black smoke. Such a fire would attract a curious child. Furthermore, boys have a natural affinity for fires. Since the parents of the deceased child in the case at bar were the agricultural lessees on the land on which the slush pit was burning the child had a legal right to be in the area of the slush pit. This enabled him to see the fire and rope without trespassing, and he was attracted to it. The decedent and his parents had lived on the land in question for ten years, and Skelly had been operating wells on the land for a number of years. In addition, there were five children living at the home, and the appellants knew the family had young children living in the area of and in close proximity to the oil well and slush pit.

In the case at bar the slush pit, which was dug as a trench with vertical walls, was located near the home of the child, and it could have been easily barricaded or fenced.

It was held in *Roman v. City of Leavenworth,* 90 Kan. 379, 133 Pac. 551, that a smouldering city dump fire was an attractive nuisance. There a boy eleven years of age, while playing on a city dump, fell into a smouldering fire, such dump being described by the court as clearly an attractive nuisance. The court gave correct instructions at the request of the plaintiff, but also gave several at the request of the defendant which were erroneous. The court held because the jury, which found for the defendant, was as likely to be influenced by the wrong as by the right instructions, the plaintiff did not have his case presented under a proper interpretation of the law, and a new trial should be granted. There the maintenance of the dump by the city and not its establishment was said to be material, and the city was required to use reasonable care to keep children away and prevent them from being injured.

A distinction has been made between natural conditions, such as a steep bluff, and artificial conditions created by man. (*See,*

*Zagar v. Railroad Co.,* supra; and *Brittain v. Cubbon,* supra.) There is little question but that the allegations of the petition herein disclose an artificial condition.

The cases relied upon by the appellants on their fourth point are from foreign jurisdictions and relate to the fencing of slush pits to prevent injuries to cattle. The rule in Oklahoma and Texas does not require the lessee to fence off tanks, machinery, slush pits, etc. to prevent livestock from having access to them.

The majority of the members of this court are of the opinion that the petition states a cause of action under the doctrine of attractive nuisance. Accordingly, the judgment of the lower court is affirmed.

SCHROEDER, J., dissenting: In my opinion the danger which exists in connection with a slush pit fire is obvious to, and fully appreciated by, a boy thirteen years of age.

Falling from a building or cliff has been held not to come within the attractive nuisance doctrine. (*Brennan v. Kaw Construction Co.,* 176 Kan. 465, 271 P. 2d 253; and *Zagar v. Railroad Co.,* 113 Kan. 240, 214 Pac. 107.) Surely the vertical walls of a trench pit used for the disposal of waste materials in the drilling of an oil well fall in the same category. The danger from falling is obvious. In the *Brennan* case the child was a mere two-year-old boy, and the building was much higher than the vertical walls of the slush pit in the instant case.

Only in a relatively few instances, each dealing with an unusual situation, has the doctrine of attractive nuisance been applied to a child more than ten years of age. In *Moseley v. City of Kansas City,* 170 Kan. 585, 228 P. 2d 699, the court said:

"The attractive nuisance doctrine, recognized by the federal courts and by the courts of some (not all) of the states, including Kansas, is a modification of the general rules of liability for negligence and applies only to a child of 'tender years,' in which the child is a trespasser, at least in a technical sense, but is excused from the normal liability of a trespasser because of an attractive object or situation, dangerous if used or handled by children who by reason of their tender years lack capacity to know or realize the danger of being about or handling the attractive object or condition. It does not apply to adults. Neither does it apply to children old enough to know the possible danger involved. The term 'tender years' never has been defined in exact years and months, but in the overwhelming majority of jurisdictions, where the doctrine is used, it is rarely applied in the case of a child more than ten years of age. In a relatively few instances, each dealing with an

unusual situation, the doctrine has been applied to a child of the age of eleven, twelve, thirteen or fourteen years of age. . . ." (pp. ·590, 597.)

By far the strongest reason to deny application of the attractive nuisance doctrine in the instant case is the appellants' second point. That is, the danger involved is patent or obvious, particularly to a child thirteen years of age. Cases cited by the appellants on this point fully support this position. Appropriate language relative to the fact that open fires are not an object of attractive nuisance is found in *Skelton v. Sinclair Refining Company* [Okla.] 375 P. 2d 948, where the Supreme Court of Oklahoma had before it an action involving a suit by a minor, an eight-year-old girl. The court said:

". . . One of the first things a child is taught, or learns by experience, is that fire will burn and cause discomfort. This is a matter of common knowledge. Therefore, it can not be said that the location and character of the stove in question constituted a 'hidden danger' for the plaintiff in this case." (p. 953.)

It is respectfully submitted the judgment of the lower court should be reversed on the ground the petition does not state a cause of action under the doctrine of attractive nuisance.

PARKER, C. J., and PRICE, J., join in the foregoing dissent.